# EXHIBIT F

FILED

Aug 28  2 44 PM '01

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RICHARD GORDON,
    Plaintiff,

VS.

COMMISSION ON HUMAN RIGHTS
AND OPPORTUNITIES,
    Defendant.

CIVIL NO. 301CV01656

AUGUST 28, 2001

## COMPLAINT

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendant discriminated against the plaintiff in the terms and conditions of employment on the grounds of his race, gender and national origin.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and he remains, an adult citizen of the United States residing in the State of Connecticut. The plaintiff is a Jamaican national, a naturalized American citizen, and he is Black.

4. During all times mentioned in this action, the defendant was, and it

1

remains a governmental entity of the State of Connecticut. It employs more than fifteen (15) people.

5. The plaintiff has complied with all of the procedural prerequisites to suit and has, specifically, filed a timely complaint of employment discrimination with the Equal Employment Opportunity Commission. The plaintiff received a Release of Jurisdiction from the said Commission within the past 90 days.

6. The plaintiff was hired on or about June 13, 1996 as a full-time summer law clerk. His tenure was to end at the end of that summer.

7. Because of his superior performance, the plaintiff was hired as a part-time law clerk authorized to work an average of twenty hours per week. Upon graduating from law school in May, 1999 the defendant hired the plaintiff as a full time durational Assistant Commission Counsel I on June 18, 1999. Under the conditions of the Union contract then existing, a durational employee was one who had a fixed starting and ending date. It was the expectation of the parties at the time the plaintiff first became a durational employee that he would become a full time employee.

8. The plaintiff holds a Juris Doctorate degree, and has passed bar examinations in the States of Connecticut and New Jersey.

9. Despite the fact that the plaintiff has received satisfactory employment

2

evaluations throughout his entire tenure as an Assistant Commission Counsel I, the defendant has failed to make him into a full-time permanent employee of the Commission at a level commensurate with his skills and training.

10. Rather than promoting the plaintiff as promised, the defendant has chosen instead to hire American females for permanent full-time CHRO positions.

11. The individuals hired for permanent full-time positions lacked the skill, training and qualification the plaintiff had for the position. The individuals selected for full-time positions were selected on the basis of their gender and national origin.

12. Throughout the period that American women were promoted ahead of the plaintiff, the plaintiff was made promises by agents of the defendant that he would soon be promoted. Those promises have never been fulfilled.

13. The plaintiff was at all times relevant to this Complaint, and remains, fully capable and qualified to perform on a full-time basis as a CHRO Representative.

14. The defendant has appointed and promoted people to the position of CHRO Representative since the time of promising the plaintiff that he would be promoted.

15. The defendant denied employment opportunities to the plaintiff on the basis of his gender and national origin.

3

16. As a direct and proximate result of the acts of the defendant as herein described, the plaintiff was deprived of the opportunity to work as a full-time CHRO Representative.

17. The plaintiff has suffered damages in the form of discernible economic loss,, and emotional distress.

18. The acts of the defendant were malicious and wilfull.

WHEREFORE, the plaintiff claims damages as follows:

A. Compensatory damages;

B. Punitive damages;

C. Attorney's fees; and

D. Such other relief as this Court may deem fair and equitable.

THE PLAINTIFF

BY  _____
NORMAN A. PATTIS
Federal Bar No. ct13120
51 Elm St., Suite 409
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
His Attorney

## CLAIM FOR TRIAL BY JURY

The plaintiff claims trial by jury of the issues in this case.

THE PLAINTIFF

BY _____
NORMAN A. PATTIS
Federal Bar No. ct13120
51 Elm St., Suite 409
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
His Attorney