# CORDNER DEP.

1

```
 1    UNITED STATES DISTRICT COURT

 2

 3    DISTRICT OF CONNECTICUT

 4

 5

        * * * * * * * * * * * * * *   *
 6                                    *
      DENISE EVARTS,                  *
 7              Plaintiff             *
                                      *    CIVIL ACTION NO.
 8         -versus-                   *    3:00CV01124 (JCH)
                                      *
 9    SOUTHERN NEW ENGLAND            *
      TELEPHONE,                      *
10              Defendant             *
                                      *
11      * * * * * * * * * * * * * *   *

12

13

14

15              Deposition of MATT CORDNER,

16              taken pursuant to Re-Notice of

17              Deposition, held at the Law

18              Offices of Karen Lee Torre,

19              51 Elm Street, Suite 307,

20              New Haven, Connecticut, before

21              Cherrie Dickson Toman, a Notary

22              Public in and for the State of

23              Connecticut, on Thursday,

24              July 12, 2001 at 10:14 a.m.
```

MORGILLO & FLYNN, L.L.C.

```
 1

 2     A P P E A R A N C E S:

 3

 4

 5              ATTORNEY FOR THE PLAINTIFF:

 6                  LAW OFFICE OF KAREN LEE TORRE
                    51 Elm Street, Suite 307
 7                  New Haven, Connecticut 06510
                    By: MICHELLE HOLMES, ATTORNEY
 8                       KAREN LEE TORRE, ATTORNEY

 9
                ATTORNEY FOR THE DEFENDANT:
10
                    TYLER, COOPER & ALCORN, L.L.P.
11                  205 Church Street
                    New Haven, Connecticut 06510
12                  By: LORI ALEXANDER, ATTORNEY

13              Also present: Denise Evarts, Plaintiff

14

15

16

17

18

19

20

21

22

23

24
```

MORGILLO & FLYNN, L.L.C.

1      Q.    You attended the wake. And at the wake
2   do you recall telling Miss Evarts that she could
3   come back to work whenever she felt she was ready?
4      A     I don't recall saying that.
5      Q     Is it that you don't recall saying it?
6   Or that you did not say it?
7            MS. ALEXANDER: Objection. Asked and
8   answered.
9      Q     You can answer the question.
10     A     I don't recall saying that.
11     Q     Do you have a recollection of calling
12   the plaintiff shortly after the wake and the
13   funeral asking her why she was not back in work?
14     A     After the wake and funeral we gave her a
15   few extra days off and her leave was over, so it
16   was expected for her to return. So yes, I would
17   have called her to ask if she was returning. And
18   when she told me she was not, we worked out that
19   she would take vacation at that time.
20           (The plaintiff re-entered the room.)
21           MS. HOLMES: I just need one minute,
22   please.
23     Q     For the period of July, 1996 through
24   May, 1997, was there any written policy regarding

MORGILLO & FLYNN, L.L.C.

1    the distribution of new equipment, including new
2    vehicles to service technicians?
3        A    You are asking a very broadbanded
4    question. New equipment including new vehicles? A
5    policy?
6        Q    Let me rephrase the question for you.
7             For the period of July, 1996 through May
8    of 1997, was there any written formal policy
9    issued by SNET regarding the distribution of
10   vehicles, new vehicles, to service technicians?
11       A    I know of no policy to distribute
12   vehicles. When motor vehicles are changed out as
13   an old vehicle gets turned in by the garage and
14   the garage is solely the determining factor of
15   when a vehicle gets turned in due to mileage age,
16   et cetera. When that vehicle is changed out, the
17   technician that is driving it gets another vehicle
18   when it comes in, replacement vehicle for vehicle.
19       Q    For the period of July, 1996 through
20   May, 1997, did you approve a new truck for any
21   service technician?
22       A    Again, I just said I don't have anything
23   to do with approval of new vehicles for any
24   technician at any time. When a vehicle is subject

```
 1    to be changed out due to the garage saying it is
 2    needing changing out, that vehicle comes in new
 3    and the old vehicle gets replaced.
 4              (Ms. Karen Lee Torre entered the hearing
 5    room at 11:40 a.m.)
 6         Q    Who makes the decision to choose which
 7    old vehicle should be replaced by the new vehicle?
 8         A    SNET motor vehicle department.
 9         Q    And who is in charge of the SNET motor
10    vehicle department?
11         A    I don't recall who was in charge at that
12    time.
13         Q    So you have -- you are testifying that
14    you have nothing to do with who gets a new truck?
15         A    I am telling you when a vehicle is due
16    to be changed out because the motor vehicle
17    department has determined that its age or its
18    mileage or condition warrant it to be changed out,
19    that vehicle -- all vehicles have a number at
20    SNET. So let's say No. 1, for sake of argument, is
21    due to be changed out. A new No. 1 comes in and
22    replaces that No. 1.
23         Q    During the period of July, 1996 through
24    May of 1997, do you recall anyone receiving a new
```

MORGILLO & FLYNN, L.L.C.

```
 1                    C E R T I F I C A T E
 2     STATE OF CONNECTICUT)
 3                        ) ss.
 4     COUNTY OF NEW HAVEN )
 5              I, Cheryl Dickson Toman, a Notary Public
 6     duly commissioned and qualified in and for the
 7     State of Connecticut, do hereby certify that the
 8     foregoing record is a correct and verbatim
 9     transcript of the proceeding hereinbefore set
10     forth.
11              I further certify that I am neither
12     attorney or counsel for, nor related to or
13     employed by any of the parties to the action in
14     which this proceeding is taken; and further that I
15     am not a relative or employee of any attorney or
16     counsel employed by the parties thereto, or
17     financially interested in the action.
18              IN WITNESS WHEREOF, I have hereunto set
19     my hand and affixed my notarial seal on August 22,
20     2001.
21
22                         Cheryl Dickson Toman
23
24     My commission expires: June 30, 2005.
```

MORGILLO & FLYNN, L.L.C.

**PL. DEP. VOL. 1**

ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * *
                         *
DENISE EVARTS            *
        Plaintiff        *
                         *Case No. 3:00CV1124(JCH)
    VS.                  *
                         *June 13, 2001
THE SOUTHERN NEW ENGLAND *
TELEPHONE COMPANY        *
        Defendant        *
                         *
* * * * * * * * * * * * *
```

DEPOSITION OF DENISE EVARTS

Appearances:

    FOR THE PLAINTIFF:

    LAW OFFICES OF KAREN LEE TORRE
    51 Elm Street
    Suite 307
    New Haven, CT 06510
    By:  Michelle Holmes, Attorney

    FOR THE DEFENDANT:

    SOUTHERN NEW ENGLAND TELEPHONE
    310 Orange Street
    8th Floor
    New Haven, CT 06510
    By:  Stephen M. Pincus, Esq.
        Carol Wilder, Attorney

POST REPORTING SERVICE

HAMDEN, CONNECTICUT (800) 262-4102

117

DEPOSITION OF DENISE EVARTS
JUNE 13, 2001

1   Q   Okay. Who didn't comply with this
2   policy?
3   A   I would say a majority of the people
4   inside the garage.
5   Q   When you say "a majority," can you tell
6   me who specifically?
7   A   No. You can walk through the garage and
8   check everyone's truck, see if all windows are
9   locked. I can guarantee you the majority of doors
10  are unlocked and windows are down.
11  Q   How do you know this?
12  A   Because I walked through the garage,
13  would see this -- I was literally at the one end of
14  the garage and the office was at the other. It was
15  just common practice not to lock -- close all the
16  windows and lock everything. For one we were
17  inside a gated fence, there was a guard, and we
18  were inside a locked building.
19  Q   So just to clarify, I'm really only
20  concerned with the time period with Mr. Cordner.
21  Is it your testimony that while Mr. Cordner was
22  your supervisor through the time that you were
23  spoken to about locking your door, that the
24  majority of service technicians did not comply with

POST REPORTING SERVICE

HAMDEN, CONNECTICUT (800) 262-4102

118

DEPOSITION OF DENISE EVARTS
JUNE 13, 2001

1  this rule?
2  A    Correct.
3  Q    Could you just tell me any person who you
4  knew did not comply with this rule?
5       MS. HOLMES:  Object as to form.
6  Q    Are you able to tell me anyone, names
7  specifically, that did not comply with this rule?
8       MS. HOLMES:  Object as to form.
9  A    I would -- I would -- I would say almost
10 everyone.  I can't think of anyone who every night
11 locked all their windows and locked all their
12 doors.  I think for the most part they all left
13 their doors unlocked and their windows down.  There
14 are times when there might have been the windows
15 completely rolled up and their doors locked, but
16 for the most part, most of the men in the crew did
17 not comply with this.
18 Q    It says, "The plaintiff was issued this
19 warning despite the fact that defendant's mechanic
20 shop provided proof that the door was faulty and
21 could not be locked."  Question to you is, when was
22 your door faulty, at the time that you were spoken
23 to by Mr. Cordner?
24 A    Yes.

POST REPORTING SERVICE
HAMDEN, CONNECTICUT (800) 262-4102

213

# CERTIFICATE

STATE OF CONNECTICUT)
                    ) ss.
COUNTY OF NEW HAVEN )

      I, Cheryl Mantiglia, LSR No. 00015 and a Notary Public duly commissioned and qualified in and for the State of Connecticut, do hereby certify that the foregoing record is a correct and verbatim transcript of the proceeding hereinbefore set forth.

      I further certify that I am neither attorney or counsel for, nor related to or employed by any of the parties to the action in which this proceeding is taken; and further that I am not a relative or employee of any attorney or counsel employed by the parties thereto, or financially interested in the action.

      In witness whereof I have hereunto set my hand and affixed my notarial seal this 18th day of June, 2001.

                                              _____
                                              Notary Public

My commission expires: April 30, 2006

POST REPORTING SERVICE

HAMDEN, CONNECTICUT (800) 262-4102