Because Sodexho's motion to dismiss is granted on account of Plaintiff's failure to exhaust the EEOC administrative remedies, the Court declines to consider Sodexho's second argument that Plaintiff's complaint fails to properly allege adverse employment action by Sodexho.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Sodexho USA's motion to dismiss [docket entry 55] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Sodexho USA is hereby **DISMISSED** from this action.

**SO ORDERED.**

### Certificate of Service

I hereby certify that on *January 17, 2006*, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

*Thomas W. Barlow; Holly C. Beatty; Bruce A. Miller; Angela M. Pippi; Marlo J. Roebuck; Daniel G. Romano; Carly A. Van Thomme; Patricia L. Worrall*, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: *John M. Lucas*.

---

**[¶ 42,246]   John D. Baucom, Jr., Plaintiff-Appellant v Holiday Companies, Inc, et al, Defendants-Appellees.**

United States Court of Appeals, Eighth Circuit. No 05-1393. November 10, 2005.

Appeal from the United States District Court, District of Minnesota. DOTY, District Judge. Affirmed.

*Age Discrimination in Employment Act of 1967*

*Minnesota Human Rights Act*

**Burden Of Proof—Prima Facie Case—Less Hours Not Adverse Employment Action .—** An employee's age discrimination claim failed because he could not show that his reduction in hours was an adverse employment action since (1) there were no facts demonstrating that his employer was responsible for his decreased hours rather than his own voluntary absences; and (2) even if his employer was responsible for his decreased hours, the reduction was so slight – remaining at a full-time level – that it did not produce "a material employment disadvantage."

See ¶ 2326.11

**Burden Of Proof—Prima Facie Case—Reprisal, No Adverse Employment Action.—** An employee's retaliation claims failed because his disciplinary warnings and negative performance reviews standing alone were not adverse employment actions and he alleged no actions by his employer as a result of the warnings or performance review that altered the terms of his employment.

See ¶ 2326.11

**Burden Of Proof—Prima Facie Case—Proof Lacking, Adverse Employment Action.—** An employee failed to show he suffered an adverse employment action because his employer treated him differently from younger employees – by disciplining him for cash shortages, not warning him before a tobacco "sting" and disciplining him for replacing him on short notice – as he provided no evidence of specific instances when younger employees were treated differently.

See ¶ 2326.11

Before: RILEY, LAY and FAGG, Circuit Judges.

### [Statement of Case]

RILEY, Circuit Judge: John D. Baucom, Jr. (Baucom), sued his employer, Holiday Companies, Inc. and Holiday Stationstores, Inc. (Holiday), for discrimination, retaliation, and hostile work environment under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a), the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1), and the equivalent Minnesota statute, the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.08, subd. 2(c). The district court[1] granted Holiday's motion for summary judgment, and Baucom appeals the decision except with regard to his hostile work environment claim. Because Baucom failed to show his slight reduction in hours, his negative performance reviews, and his allegations of being treated

---

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

differently than younger employees amounted to adverse employment actions as a matter of law, we affirm the district court.

## I. BACKGROUND

The facts relevant to this appeal are as follows.[2] Baucom, a 68-year-old man who suffers from chronic back and heart problems, is an assistant manager at a convenience store owned by Holiday. Baucom alleges his store manager, at the direction of Holiday's district manager, cut Baucom's working hours in 2002 from his regular 43-45 hours per week range. The district manager allegedly told the store manager Baucom's age and health were a hindrance, and the store manager should reduce Baucom's hours in order to force Baucom to quit. Baucom complained about his hours upon returning from a vacation in October 2002, and Holiday temporarily restored his hours in November 2002. Baucom alleges his hours again were reduced throughout 2003 to "consistently . . . less than 40 hours per week."

In late 2002 and early 2003, Baucom's store manager called Baucom a slow old man and said his grandmother could move faster and she has been dead for over seven years. Baucom overheard his store manager telling other employees, because of Baucom's age and disability, he wanted to find a way to make Baucom quit. The store manager changed Baucom's schedule from working mornings with Sundays off to working evenings and weekends. The store manager also sent Baucom an e-mail message criticizing his performance.

On May 5, 2003, Baucom filed a charge of discrimination with the Equal Employment Opportunity Commission and the Minnesota Department of Human Rights alleging age and disability discrimination. Four days later, Holiday gave Baucom four corrective action notices for events from earlier dates in 2003. Holiday also informed Baucom he had failed a "tobacco sting" when he neglected to request identification from a young person purchasing tobacco, and as a result, Baucom had to undergo remedial training. Baucom alleges the district manager often had telephoned other employees to warn them of impending sting operations. In August 2003, Holiday gave Baucom another corrective action notice for failing to provide adequate documentation for medically related work absences. Baucom alleges he had provided adequate notice.

On October 13, 2003, Baucom served Holiday with his complaint initiating this lawsuit. In November 2003, Baucom's store manager reviewed Baucom's performance and rated him "below standard." Following additional training, the store manager noted improvement and granted Baucom a pay raise. Baucom remains in Holiday's employ.

## II. DISCUSSION

Our standard for reviewing a district court's grant of summary judgment is a familiar one. We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *McLaughlin v. Esselte Pendaflex Corp.*, 50 F.3d 507, 510 (8th Cir. 1995). We will affirm the summary judgment if the evidence, viewed in the light most favorable to Baucom, demonstrates there is no genuine issue as to any material fact and Holiday is entitled to judgment as a matter of law. *Id.* There is no genuine issue of material fact if the evidence is such that a reasonable jury could not return a verdict for Baucom. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Baucom may not rely on "mere allegations," but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Furthermore, summary judgment must be entered against Baucom if he "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] bear[s] the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Without direct evidence of discrimination, ADA, ADEA, and MHRA claims are evaluated under the *McDonnell Douglas* burden shifting framework. *McDonnell Douglas Corp. v. Green*, [5 EPD ¶ 8607] 411 U.S. 792, 802 (1973); *Chambers v. Metro Prop. & Cas. Ins. Co.*, 351 F.3d 848, 855 (8th Cir. 2003); *Longen v. Waterous Co.*, [11 ADD ¶ 11-046] 347 F.3d 685, 688 (8th Cir. 2003). Under this framework, the employee bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. The burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employer's actions. *Id.* If the employer articulates such a reason, the burden returns to the employee to show the employer's justification is a pretext. *Id.* at 804.

Under the ADA, ADEA, and MHRA, a necessary element of establishing a prima facie case of discrimination is setting forth facts demonstrating

---

[2] Baucom filed his initial charge of discrimination on May 5, 2003. Under the three-hundred-day statute of limitations period under the ADA and ADEA, *see* 42 U.S.C. § 12117(a), 29 U.S.C. § 626(d), and the one-year limitations period under the MHRA, *see* Minn. Stat. § 363A.28, subd. 3, Baucom's claims based on conduct that occurred before July 10, 2002, and May 5, 2002, respectively, are time-barred. *See Burkett v. Glickman*, [84 EPD ¶ 41,382] 327 F.3d 658, 660 (8th Cir. 2003).

the employee suffered an adverse employment action. *Chambers*, 351 F.3d at 855; *Longen*, 347 F.3d at 688. An employee suffers an adverse employment action when there is a "tangible change in duties or working conditions" constituting "a material employment disadvantage." *Burchett v. Target Corp.*, [11 ADD ¶ 11-025] 340 F.3d 510, 518 (8th Cir. 2003) (citation omitted). Our decision in *Kerns v. Capital Graphics, Inc.*, [75 EPD ¶ 45,983] 178 F.3d 1011, 1016-17 (8th Cir. 1999), provides:

> The adverse employment action must be one that produces a material employment disadvantage. Termination, cuts in pay or benefits, and changes that affect an employee's future career prospects are significant enough to meet the standard, as would circumstances amounting to a constructive discharge. Minor changes in duties or working conditions that cause no materially significant disadvantage do not meet the standard of an adverse employment action, however.

(citations and quotations omitted).

Baucom argues his hours were cut in 2002 and 2003 from his normal 43-45 hours per week range to hours now "consistently ... less than 40 hours per week," resulting, because of overtime pay Baucom was earning for his hours worked over 40 per week, in a 20% cut in take home pay. Baucom's argument fails for two reasons. First, Baucom fails to set forth any facts demonstrating Holiday decreased his hours rather than Baucom himself decreasing them as a result of his voluntarily taking vacation and sick leave. Second, even if such facts were present in the record, the slight decrease in hours does not constitute as a matter of law an adverse employment action, because the decrease did not produce a material employment disadvantage.

The record regarding Baucom's average hours worked in 2002 and 2003 shows a fluctuating schedule with a slight overall decreasing trend. The trend shows neither a break point (when Baucom had been working over 40 hours then suddenly he began working significantly less than 40), nor does it show a steady decrease over the two years. Rather, the data reflects a normal retail employee's schedule, with many peaks and valleys and rarely the same hours worked in consecutive weeks. Baucom's hours worked per week in August and September 2002 are indicative of this fluctuation: 40, 43, 40, 31, 39, 36, 51, 30, 43. By comparison, the months of March and April 2002, before Baucom's relevant claim period, show similar fluctuation: 45, 44, 35, 53, 35, 44, 41, 44.

Holiday asserts, and Baucom does not deny, Baucom took several medically related absences in 2003, including instances in February, April, May, September, and October. These absences account for most of the valleys in Baucom's 2003 hours and explain the slight overall average decrease. Holiday also explains it instituted a company wide policy to decrease labor costs affecting all employees, including Baucom. These two explanations best fit in the second step in the *McDonnell Douglas* burden shifting analysis (Holiday's legitimate nondiscriminatory reasons for Baucom's decreased hours); nevertheless, they do illuminate the muddled record regarding Baucom's average hours worked. *See United States Postal Serv. Bd. of Governors v. Aikens*, [31 EPD ¶ 33,477] 460 U.S. 711, 715 (1983) ("The prima facie case method established in *McDonnell Douglas* was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination.") (internal quotations omitted). On this limited record, we cannot conclude Baucom has met his burden of setting forth specific facts demonstrating he suffered an adverse employment action.

Even if Baucom could set forth facts demonstrating Holiday decreased his hours, the slight decrease is not materially significant. *See Kerns*, 178 F.3d at 1016-17. In 2002, Baucom averaged less than 40 hours per week in only three months. During those three months, he averaged 38.6, 39, and 38 hours. Furthermore, Baucom conceded during his deposition any scheduling limitation was corrected by November 2002. In 2003, the data provided by Baucom shows a slight decrease in average hours worked, but that average hovers around 38 or 39 hours. We do not consider such a minor decrease in scheduled hours for a person working in a retail setting to be a material change, especially when the hours consistently remain at a full-time level. The district court correctly held no reasonable juror could conclude this amounted to an adverse employment action.

Baucom also argues his many disciplinary warnings and his negative performance review constituted adverse employment actions because these actions affect his future career prospects with Holiday. If Baucom's argument were correct, any negative performance evaluation, because it undoubtedly reflects poorly on the employee and potentially negatively affects his future prospects with the employer, would itself constitute an adverse employment action. But we have clearly held "[a] negative performance review is not in itself an adverse employment action, ... and it is actionable only if the employer subsequently uses that review to alter the terms or conditions of

employment to the detriment of the employee." *Burchett*, 340 F.3d at 518. Baucom alleged no actions by Holiday as a result of the warnings or the performance review that altered the terms of Baucom's employment. The district court therefore correctly concluded Baucom's warnings and review did not constitute adverse employment actions.

Finally, Baucom alleges Holiday treated him differently than younger employees, amounting to an adverse employment action, including disciplining him for finding replacements on short notice, disciplining him for cash drawer shortages, and not warning him before a tobacco sting. He provides no evidence of specific events when younger employees were treated differently. Thus, while we must view the facts in a light most favorable to Baucom, "mere allegations which are not supported with specific facts are not enough to withstand [a] motion" for summary judgment. *Klein v. McGowan*, [77 EPD ¶ 46,217] 198 F.3d 705, 709 (8th Cir. 1999).

### III. CONCLUSION

Baucom fails to set forth facts demonstrating he suffered an adverse employment action. We therefore affirm the district court's grant of Holiday's summary judgment motion. Because the element of adverse employment action is dispositive as to all of Baucom's claims, we need not address his remaining arguments. *See Celotex*, 477 U.S. at 322-23.

LAY, Circuit Judge, concurring.

I agree with the majority's decision to affirm the district court's grant of summary judgment as to all of Baucom's claims. However, I disagree with the conclusion that Baucom was not subject to an adverse employment action pursuant to his claims for age and disability discrimination under the ADEA, ADA, and MHRA.[3] Holiday's reduction of Baucom's hours, coupled with Baucom's inability to regularly access overtime pay, constitutes an adverse employment action.

Baucom's age and disability discrimination claims fail, however, because Baucom does not allege facts sufficient to establish a prima facie case for discrimination under each respective statute. Specifically, Baucom does not prove, as a necessary element of his age discrimination claims, that he was treated less favorably than younger Holiday employees. Similarly, Baucom fails to establish that he is "disabled" as an element of his prima facie case under the ADA and MHRA.

### ADVERSE EMPLOYMENT

The majority concludes that Baucom's discrimination claims fail because Baucom does not prove that he was subject to an adverse employment action. I disagree.

Absent direct evidence of discrimination, ADEA, ADA, and MHRA claims are subject to review under the *McDonnell Douglas* burden shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 855 (8th Cir. 2003); *Longen v. Waterous Co.*, 347 F.3d 685, 688 (8th Cir. 2003). Under this test, the employee bears the initial burden to prove a prima facie case of discrimination. As an element of Baucom's prima facie case under the ADA, ADEA, and MHRA, Baucom must set forth evidence to establish that he suffered an adverse employment action. *Chambers*, 351 F.3d at 855; *Longen*, 347 F.3d at 688. Once a prima facie case is established, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802. If the employer articulates a legitimate reason for its actions, the burden shifts back to the employee to show that the employer's justification is pretextual. *Id.* at 804.

In the Eighth Circuit, we recognize an adverse employment action where there is: (1) a "tangible change in duties or working conditions"; (2) constituting "a material employment disadvantage." *Manning v. Metro. Life Ins. Co., Inc.*, 127 F.3d 686, 692 (8th Cir. 1997). Regarding this second element, we note that, "[t]ermination, cuts in pay or benefits, and changes that affect an employee's future career prospects" qualify as material employment disadvantages. *Kerns v. Capital Graphics, Inc.*, 178 F.3d 1011, 1016 (8th Cir. 1999). Given the record, the only real issue before the court is whether Baucom's reduction in hours, first from August 2002[4] to November 2002, and then from January 2003 through January 2004, amounts to an adverse employment action.

---

[3] Regarding Baucom's retaliation claims under the ADEA, ADA, and MHRA, I agree with the majority that Baucom's reprimands and poor performance review do not, as a matter of law, constitute an adverse employment action.

[4] The deposition testimony of Dale Boeckel establishes that Baucom's hours were cut in 2002 "[t]owards the middle of the year." Viewing the evidence in the light most favorable to Baucom, I will assume, for purposes of summary judgment, that Baucom's first allegedly unlawful reduction in hours began in August, 2002.