**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DENISE EVARTS, | : | CIVIL ACTION NO. |
| | : | 3:00CV1124 (WIG) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY, | : | |
| | : | |
| *Defendant.* | : | MAY 10, 2007 |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to the Standing Order of the United States District Court for the District of Connecticut Regarding Trial Memoranda in Civil Cases, the defendant in this action hereby sets forth its proposed Jury Instructions.

## I.    SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT CLAIM

In this case, Denise Evarts makes a claim of gender-based harassment under a federal statute, known as Title VII, which prohibits an employer from discriminating against an employer on the basis of her sex or gender.[1]  More specifically, Ms. Evarts claims that SNET subjected her to a hostile work environment on the basis of her gender during the last several months of her 10 years of work as a technician who repaired and installed pay telephones for

---

[1]  42 U.S.C. § 2000e-2(a)(1); Conn. Gen. Stat. § 46a-60 et seq.

23

SNET.  SNET denies that Ms. Evarts was discriminated against in any way or subjected to a hostile work environment.

I will now instruct you more fully on the issues you must address regarding this hostile work environment claim.

### A.    Elements

Ms. Evarts claims that she was subjected to a hostile work environment based on gender by her supervisor, Matt Cordner.

SNET may be liable for sexual harassment by a supervisor if Ms. Evarts proved to you by a preponderance of the evidence, all three of the following elements:

First:  Ms. Evarts must prove she was subjected to unwelcome harassment by a supervisor.

Second:  Ms. Evarts must prove the supervisor's conduct was motivated by Ms. Evarts' sex, that is, the fact that she is a woman.

Third:   Ms. Evarts must prove she was subject to harassment that was so severe and pervasive as to affect a term, privilege, or condition of Ms. Evarts' employment.  That is, to succeed on a hostile work environment claim, a plaintiff must prove that the workplace was permeated with discriminatory intimidation, ridicule, and insult based on gender that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment.[2]   Mere trivialities or even offensive conduct that is not severe or pervasive does not rise to the level of a hostile work environment that is legally actionable in court.

---

[2]   Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1042 (2d Cir. 1993); see also Harris v. Forklist Sys., 510 U.S. 17, 21 (1993).

24

When you are considering interactions between Ms. Evarts and her supervisor, Matt Cordner, to establish a legally hostile work environment, you must not only find that the workplace was permeated with discriminatory intimidation and ridicule, but you must also find that the conduct was motivated by Ms. Evarts' sex, that is, the fact that she is a woman. If other facts, such as a personality clash or rivalry is the reason, and sex was not the reason for the supervisor's conduct, then there is no hostile work environment based on sex and you must find in favor of SNET.

Thus, you would have to find both that SNET employees engaged in conduct that rises to the level of a hostile work environment for Ms. Evarts, and that the harassment was because she is a woman[3] and not for other reasons, in order to find in favor of plaintiff in this case.

**B.    Deciding Whether Work Environment Was Hostile**

As I stated before, you must first consider whether Ms. Evarts has proven that she was subjected to a hostile work environment. To prove a hostile work environment, a plaintiff must prove that her workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create and abusive working environment."[4] Further, "such incidents of harassment must be repeated and continuous, rather than isolated or occasional, in order to merit relief under such a cause of action."[5]

---

[3] Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 80 (1998).
[4] Oncale v. Sundowner Offshore Servs. Inc., 523 U.S. 75, 78 (1998) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).
[5] Little v. Northeast Utilities Service Co., Civ. No. 3:05CV00806(AVC), 2007 WL 781450 at *7 (D. Conn. March 8, 2007) (citing Kotcher v. Rosa and Sullivan Appliance Center, Inc., 957 F.2d 59, 62 (2d Cir. 1992)).

The test is both an objective and subjective one: "A work environment will be considered hostile if a <u>reasonable person</u> would have found it to be so and if the plaintiff subjectively so perceived it."[6]

In deciding whether plaintiff's work environment was "hostile" as the first step in your analysis, you must look at all of the circumstances, which may include:

1. The severity of the allegedly offensive conduct.

2. The frequency of the conduct that is claimed to be offensive.

3. Whether the conduct was pervasive.

4. Whether the conduct was physically threatening or humiliating.

5. Whether the conduct was merely an offensive utterance.

6. Whether the conduct unreasonably interfered with her work performance.[7]

There are certain actions you may not consider as creating a hostile work environment for Ms. Evarts:

First, you may not consider any conduct or events of which Ms. Evarts was not aware during the period when she worked for SNET. If Ms. Evarts was not aware of an action or remark while she worked in the Payphone Service group, it could not have caused her to believe that her work environment was hostile.[8]  [If SNET's Motion in Limine concerning David Ianielo's testimony is not granted]:   In determining whether plaintiff was subjected to conduct that rises to the level of a hostile work environment, you may not consider Mr. Ianielo's

---

[6] <u>Mormol v. Costco Wholesale Corp.</u>, 364 F.3d 54, 58 (2d Cir. 2004) (emphasis added).
[7] <u>Harris v. Forklift Sys.</u>, 510 U.S. 17, 23 (1993).
[8] <u>Mason v. S. Ill. Univ. at Carbondale</u>, 233 F.3d 1036, 1046 (7th Cir. 2000).

26

testimony that Mr. Cordner said women did not belong in the field, because the evidence is undisputed that Ms. Evarts did not know about that comment, if it was made.

Because Ms. Evarts alleges only that she was subjected to a hostile work environment while she worked in the Payphone Services Group under the supervision of Matt Cordner, you may not consider any events that occurred at a time when she was not working in that group or before she worked with Mr. Cordner. Again, Ms. Evarts worked under Mr. Cordner's supervision in the Coin Group for a 10-month period, from July 1996 to May 1997.

### C.    Deciding Whether Environment Was Based on Gender.

The second element of plaintiff's hostile work environment claim is that her treatment was based on her sex. In order to prevail on a claim of an unlawful hostile work environment, a plaintiff must show that the environment was hostile because of a protected trait, in this case plaintiff's sex. "[W]hile the harassment complained of need not take the form of sexual advances or explicitly sexual conduct in order to be actionable under Title VII, the plaintiff is required to establish that the conduct was based on her gender."[9] You must decide whether the conduct about which Ms. Evarts complains was because of her gender or for some other reason.

In essence, in determining plaintiff's hostile work environment claim, if you find that Ms. Evarts was subjected to an environment that was permeated with discriminatory intimidation and ridicule because she was a woman, then you must find in her favor on the hostile work environment claim. If, on the other hand, you decide that SNET's treatment of Ms. Evarts was a non-discriminatory response to the quality of her work, or otherwise did not rise to the level of

---

[9] <u>Galdieri-Ambrosini v. National Realty & Development Corp.</u>, 136 F.3d 276 (2d Cir. 1998).

27

an unlawful hostile work environment based on sex, then you must find in favor of SNET on the hostile work environment claim.

**D.    First Affirmative Defense to Hostile Work Environment Claim: Failure to Complain**

If you find that the elements of a hostile work environment have been proved, then you must consider SNET's affirmative defenses.  I will instruct you now on the elements of the defendant's first affirmative defense.

SNET brings an affirmative defense by asserting that it is not liable for any harassment of Ms. Evarts by its supervisors that may have occurred because, as a company, it made a reasonable attempt to prevent any such harassment.  You must find for SNET if you find that SNET has proved both of the following elements of this defense by a preponderance of the evidence:

First:  SNET exercised reasonable care to prevent harassment in the workplace on the basis of gender, and also exercised reasonable care to promptly correct any harassing behavior that did occur.  One way for an employer to demonstrate that it exercised reasonable care to correct any harassing behavior is to show that it had an anti-harassment policy in place.[10]  The existence of an anti-harassment policy with complaint procedures is an important, if not dispositive, consideration in determining whether SNET exercised reasonable care to prevent harassment in the workplace based on gender.[11]  An employer need not prove success in

---

[10]  Mack v. Otis Elevator Co., 326 F.3d 116, 119 (2d Cir. 2003).
[11]  Fierro v. Saks Fifth Avenue, 13 F.Supp.2d 481, 491 (S.D.N.Y. 1998).

preventing harassing behavior in order to demonstrate that it exercised reasonable care in preventing and correcting sexually harassing conduct.[12]

Second:  Ms. Evarts unreasonably failed to take advantage of any preventive or corrective opportunities provided by SNET.[13]

## II.    CONSTRUCTIVE DISCHARGE

If and only if you find in favor of Ms. Evarts on the hostile work environment claim will you go on to consider her claim for constructive discharge.[14]  If you find in favor of SNET on the hostile work environment claim, you will not consider this claim.  I'm going to tell you about that cause of action now.

You have heard evidence in this case that plaintiff gave notice and resigned from her employment with SNET.  Now normally, when someone resigns from her job, she cannot claim damages because resigning is voluntary decision.  However, in our Circuit, there is an exception to this principle into which plaintiff claims she fits.

So I instruct you to next consider plaintiff's constructive discharge claim, and you will see a section concerning this claim on your Jury Verdict Form.  Let me explain to you the law on this cause of action.

Constructive discharge occurs when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced to quit

---

[12] Caridad v. Metro-North Commuter R.R., 191 F.3d 1107 (2d Cir. 1999), cert. denied, 529 U.S. 1107 (2000).

[13] Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).

[14] Nugent v. St. Luke's/Roosevelt Hospital Center, No. 05 Civ. 5109, 2007 WL 1149979 (S.D.N.Y. April 18, 2007); Baptiste v. Cushman & Wakefield, No. 03 Civ. 2102, 2007 WL 747796, at *11 (S.D.N.Y. March 7, 2007) (citing Pennsylvania State Police v. Suders, 542 U.S. 129, 149 (2004) ("Where, as here, a constructive discharge claim is part and parcel of a hostile work environment claim . . . articulating a claim for hostile work environment is

involuntarily.[15]  In other words if you find that Ms. Evart's work environment was so intolerable

that no reasonable person could endure it, and that a reasonable person in her shoes would also

have felt compelled to resign,[16] you must find in her favor on the constructive discharge claim.

However, in making your analysis, you may consider that "a reasonable employee will

usually explore . . . alternative avenues thoroughly before coming to the conclusion that

resignation is the only option. . . . Alternatives [may] include filing a grievance or threatening to

quit if changes are not made."[17]

"An employee's subjective opinion that her working conditions are intolerable is not

sufficient to establish constructive discharge."[18] Constructive discharge is a demanding standard.

It is not satisfied by evidence that an employee disagreed with the employer's criticism of the

quality of [her] work . . . or preferred not to continue working for that employer;" something

more must be shown than that the "employee's working conditions were difficult or

unpleasant."[19] "The fact that an employees 'feels that the quality of [her] work has been unfairly

criticized,' or that her working conditions were 'difficult or unpleasant,' is insufficient to support

a constructive discharge claim."[20]  Similarly, "a constructive discharge cannot be proven merely

---

a necessary predicate to a finding of constructive discharge)).
[15]  Pena v. Brattleboro Retreat, 702 F.2d 322, 325 (2d Cir. 1983); Terry v. Ashcroft, 336 F.3d 128, 148 (2d Cir. 2003), accord, Petrosino v. Bell Atlantic, 385 F.3d 210, 229 (2d Cir. 2004).
[16]  Chertova v. Connecticut Gen. Life Ins. Co., 92 F.3d 81, 89 (2d Cir. 1996); Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 73 (2d Cir. 2000); Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir. 1987).
[17]  Etienne v. Wal-Mart Stores, Inc., 186 F.Supp.2d 129, 136 (D. Conn. 2001) (citing Larkin v. Town of West Hartford, 891 F.Supp. 719, 728 (D. Conn. 1995)).
[18]  Etienne v. Wal-Mart Stores, Inc., 186 F.Supp.2d 129, 136 (D. Conn. 2001); see Nugent v. St. Luke's/Roosevelt Hosp. Center, No. 05 Civ. 5109, 2007 WL 1149979 at *13-14 (S.D.N.Y. April 18, 2007).
[19]  Spence v. Maryland Cas. Co., 995 F.2d 1147, 1156 (2d Cir. 1993).
[20]  Nugent v. St. Luke's/Roosevelt Hosp. Center, No. 05 Civ. 5109, 2007 WL 1149979 at *14 (S.D.N.Y. April 18, 2007).

by evidence that an employee disagreed with the employer's criticisms of the quality of his work."[21]

To prevail on a claim of constructive discharge, a plaintiff must show "deliberate action on the part of the employer . . . [S]omething beyond mere negligence or ineffectiveness is required."[22]  In other words, a plaintiff must also prove that the defendant, here SNET, intentionally made the workplace intolerable.[23]  Where the employer deliberately forces an employee to resign for an unlawful purpose, there may be a constructive discharge claim.  On the other hand, where the evidence demonstrates that the employer desired to keep the plaintiff within its employ, there can be no constructive discharge.[24]

## III.    DAMAGES FOR DISCRIMINATION

If you determine that SNET discriminated against plaintiff by subjecting her to a hostile work environment based on gender in violation of Title VII, then you must decide whether she is entitled to damages.  You should not infer that Ms. Evarts is entitled to recover damages because I am instructing you on damages.  It is exclusively your function to decide the issue of liability outlined above, and I am instructing you on damages only so that you will have guidance should you decide that she is entitled to recovery.

It is Ms. Evarts' burden to prove her damages; it is not SNET's burden to disprove them.[25]

---

[21]  Spence v. Maryland Cas. Co., 995 F.2d 1147, 1156 (2d Cir. 1993).
[22]  Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 73 (2d Cir. 2000).
[23]  Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir. 1987).
[24]  Pena v. Brattleboro Retreat, 702 F.2d 322, 325 (2d Cir. 1983).
[25]  Sands v. Runyon, 28 F.3d 1323, 1329 (2d Cir. 1994).

If you find that SNET subjected Ms. Evarts to a hostile work environment because of her sex in violation of federal law, you may consider whether she is entitled to compensatory damages.[26] The term "compensatory damages" means an amount of money that would fairly compensate Ms. Evarts for the injuries that she actually sustained and that were caused by SNET's actions.[27] Ms. Evarts has the burden of proving compensatory damages by a preponderance of the evidence. You may award compensatory damages only for injuries that Ms. Evarts proves were caused by unlawful actions by SNET. If you award damages, they must be fair compensation, no more or less.

I instruct you, because of issues that were resolved by the Court prior to trial, you may not award damages for lost wages or benefits to Ms. Evarts in this action.[28] (SNET will provide separate proposed instructions on mitigation of damages, and back pay, and benefits in the event that its Motion in Limine re Lost Wages and Benefits is denied.)

However, if you find for Ms. Evarts on the hostile work environment claim, you may award as compensatory damages an amount for emotional distress, pain and suffering, or mental anguish if you find that Ms. Evarts experienced such damages as a result of SNET's conduct.[29] To recover emotional distress damages, Ms. Evarts must prove, by a preponderance of the evidence, that she suffered emotional distress as a result of a hostile work environment based on sex while she remained an employee of SNET. You may not award emotional distress damages

---

[26] 42 U.S.C. § 1981a; Conn. Gen. Stat. § 46a-104 (definition of remedies available under CFEPA)..

[27] Tolbert v. Queens Coll., 242 F.3d 58, 74 (2d Cir. 2001).

[28] See legal arguments and authority set forth in SNET's Motion in Limine re Damages dated May 10, 2007.

[29] Dailey v. Societe Generale, 108 F.3d 451, 454 (2d Cir. 1997).

as a result of resigning from SNET unless you find that she was constructively discharged. The Jury Verdict Form I will give to you will guide you in these determinations.

In determining the amount of damages you may award for emotional distress, you should be guided by dispassionate common sense. You may not award damages based on sympathy, speculation or guesswork.[30]

I remind you that compensatory damages do not include damages regarding Ms. Evarts' salary, bonuses or benefits.[31] I direct you that damages for salary, bonuses or benefits should not be awarded in this case. In assessing compensatory damages, you also must not consider attorney's fees or the costs of litigating this case. Attorney's fees and costs, if relevant at all, are for the judge and not the jury to decide.[32] Therefore, attorney's fees and costs should play no part in your calculation of any damages.

If you return a verdict for Ms. Evarts on her hostile work environment claim, but Ms. Evarts has failed to prove actual injury and therefore is not entitled to compensatory damages, then you may award no damages at all or nominal damages not to exceed one dollar.[33] Nominal damages of one dollar are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

---

[30] Schanzer v. United Techs. Corp., 120 F.Supp.2d 200, 219 (D. Conn. 2000); Pouliot v. Paul Arpin Van Lines, Inc., 235 F.R.D. 537, 545 (D. Conn. 2006).

[31] 42 U.S.C. § 1981(b)(2); Pollard v. E.I. DuPont de Nemours & Co., 532 U.S. 843, 848-54 (2001).

[32] 42 U.S.C. § 1988 (attorney's fees under Title VII are for the court to award).

[33] Bonner v. Guccione, 178 F.3d 581, 600 (2d Cir. 1999) (nominal damages available in TitleVII actions); Shain v. Ellison, 273 F.3d 56, 67 (2d Cir. 2001) (nominal damages not to exceed one dollar).

33

Dated at North Haven, Connecticut this 10th day of May, 2007.

THE DEFENDANT,
SOUTHERN NEW ENGLAND TELEPHONE
COMPANY

By: _____
Lori B. Alexander, Esquire
Federal Bar No. ct08970
Deborah D. Cannavino, Esquire
Federal Bar No. ct08144
Littler Mendelson, P.C.
110 Washington Avenue
North Haven, CT 06473
Tel. (203) 234-6344
Fax: (203) 234-6345
E-mail: lalexander@littler.com
dcannavino@littler.com

34

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENISE EVARTS, | : | CIVIL ACTION NO. |
| | : | 3:00CV1124 (WIG) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY, | : | |
| | : | |
| *Defendant.* | : | MAY 10, 2007 |

### DEFENDANT'S PROPOSED JURY VERDICT FORM

**I.    HOSTILE WORK ENVIRONMENT BASED ON SEX — TITLE VII**

\_\_\_\_\_  A.  On this cause of action, the jury finds the issues in favor of Ms. Evarts.

\_\_\_\_\_  B.  On this cause of action, the jury finds the issues in favor of SNET.

**II.    CONSTRUCTIVE DISCHARGE**

\_\_\_\_\_  A.  On this claim, the jury finds the issues in favor of Ms. Evarts.

\_\_\_\_\_  B.  On this claim, the jury finds the issues in favor of SNET.

36

## III.    DAMAGES

_____    The jury has found in favor of SNET by checking box "B" on the

"I. Hostile Work Environment Based on Sex – Title VII" cause of action.


_____    The jury has found in favor of Ms. Evarts by checking box "A" on the

"I. Hostile Work Environment Based on Sex" cause of action.


Compensatory damages: _____


THE DEFENDANT,

SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

By: _____
      Lori B. Alexander, Esquire
      Federal Bar No. ct08970
      Deborah D. Cannavino, Esquire
      Federal Bar No. ct08144
      Littler Mendelson, P.C.
      110 Washington Avenue
      North Haven, CT 06473
      Tel. (203) 234-6344
      Fax: (203) 234-6345
      E-mail:  lalexander@littler.com
      dcannavino@littler.com

37

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENISE EVARTS, | : | CIVIL ACTION NO. |
| | : | 3:00CV1124 (WIG) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY, | : | |
| | : | |
| *Defendant.* | : | MAY 10, 2007 |

**DEFENDANT'S PROPOSED JURY INTERROGATORIES**

**I.      HOSTILE WORK ENVIRONMENT BASED ON SEX – TITLE VII**

Elements of Hostile Work Environment Claim Based on Sex

1.      Has the plaintiff proven by a preponderance of the evidence that, during the period of 1996-1997 at SNET, she was subjected to unwelcome harassment?

_____ Yes                              _____ No

**If the Answer to Question 1 is no, you must return a verdict for the defendant on the hostile work environment claim on the Jury Verdict Form, and this is the end of your deliberations.  Otherwise continue to Question 2.**

2.      Has the plaintiff proven by a preponderance of the evidence that any alleged harassment to which she was subjected was motivated by the fact that she is a woman?

_____ Yes                              _____ No

39

**If the Answer to Question 2 is no, you must return a verdict for the defendant on the hostile work environment claim on the Jury Verdict Form, and this is the end of your deliberations. Otherwise continue to Question 3.**

3.     Has the plaintiff proven by a preponderance of the evidence that her workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive to alter the conditions of her employment and create an abusive work environment?

____ Yes                                    ____ No

**If the Answer to Question 3 is no, you must return a verdict for the defendant on the hostile work environment claim on the Jury Verdict Form, and this is the end of your deliberations. Otherwise continue to Question 4.**

4.     Has the plaintiff proven by a preponderance of the evidence that the incidents of harassment you have found were repeated and continuous, rather than isolated and occasional?

____ Yes                                    ____ No

**If the Answer to Question 4 is no, you must return a verdict for the defendant on the hostile work environment claim on the Jury Verdict Form, and this is the end of your deliberations. Otherwise continue to Question 5.**

5.     Has the plaintiff proven by a preponderance of the evidence that a reasonable person in her shoes would have found her environment to be hostile based on her gender?

____ Yes                                    ____ No

**If the Answer to Question 5 is no, you must return a verdict for the defendant on the hostile work environment claim on the Jury Verdict Form, and this is the end of your deliberations. Otherwise continue to Question 6.**

40

## **Affirmative Defense to Claim of Hostile Work Environment**

6.    Has the defendant proven by a preponderance of the evidence that it exercised reasonable care to prevent harassment in the workplace on the basis of sex and to promptly correct any harassment on the basis of sex that did occur?

_____ Yes                              _____ No

**If the answer to Question 6 is yes, continue to Question 7.**

**If the answer to Question 6 is no, you must enter a verdict for the plaintiff on the hostile work environment claim on the Jury Verdict Form and proceed to Question 8.**

7.    Has the defendant proven by a preponderance of the evidence that the plaintiff unreasonably failed to take advantage of the internal complaint procedure offered by SNET?

_____ Yes                              _____ No

**If the answer to Question 7 is yes, you must return a verdict for the defendant on the hostile work environment claim  on the Jury Verdict Form, and you should proceed to Question 10.**

**If the answer to Question 7 is no, you must return a verdict for the plaintiff on the hostile work environment claim and continue to Question 8.**

## **Elements of Constructive Discharge Claim**

8.    Has the plaintiff proven by a preponderance of the evidence that SNET deliberately made her working conditions so intolerable that she was forced to quit involuntarily?

_____ Yes                              _____ No

**If the Answer to Question 8 is no, you must return a verdict for the defendant on the constructive discharge claim on the Jury Verdict Form, and this is the end of your deliberations.  If the answer to Question 8 is yes, proceed to Question 9.**

41

9.    Has the plaintiff proven by a preponderance of the evidence that her work environment was so intolerable that no reasonable person could endure it, and that a reasonable person in her shoes would have felt forced to resign?

_____ Yes                                    _____ No

**If the Answer to Question 9 is no, you must return a verdict for the defendant on the constructive discharge claim on the Jury Verdict Form, and you should proceed to Question 10. If the answer to Question 9 is yes, proceed to Question 10.**


### Damages for Hostile Work Environment Based on Sex


10.    Has the plaintiff proven by a preponderance of the evidence that she suffered actual injury as a result of sexual harassment by SNET, not including any injury regarding wages, bonuses, or benefits?

_____ Yes                                    ___ No

**If the answer to Question 10 is no, enter "0" on the Jury Verdict Form, and this is the end of your deliberations. If the answer to Question 10 is yes, enter the amount of compensatory damages you have found on the Jury Verdict Form.**


THE DEFENDANT,
SOUTHERN NEW ENGLAND TELEPHONE
COMPANY

By:    _Lori B. Alexander_____
           Lori B. Alexander, Esquire
           Federal Bar No. ct08970
           Deborah D. Cannavino, Esquire
           Federal Bar No. ct08144
           Littler Mendelson, P.C.
           110 Washington Avenue
           North Haven, CT 06473
           Tel. (203) 234-6344
           Fax: (203) 234-6345
           E-mail: lalexander@littler.com
           dcannavino@littler.com

42

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing was mailed by first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 10th day of May, 2007, as follows: Karen Torre, Esquire, Law Offices of Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, Connecticut 06510.

_____
Lori B. Alexander
Federal Bar No. CT08970

43