UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENISE EVARTS, | : | CIVIL ACTION NO. |
| | : | 3:00CV1124 (WIG) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY, | : | |
| | : | |
| *Defendant.* | : | MAY 10, 2007 |

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION IN LIMINE RE LOST WAGES AND BENEFITS

Because plaintiff Denise Evarts unequivocally failed to make reasonable efforts to mitigate her damages, she is barred from recovering lost wages or benefits in this action. Defendant Southern New England Telephone Company ("SNET") therefore respectfully moves in limine to preclude the offer and introduction of evidence or comments of counsel relating to Ms. Evarts's claim for lost wages and benefits arising after she left SNET. Alternatively, SNET moves that this Court enter an order precluding the offer and introduction of evidence or comments of counsel relating to Ms. Evarts's claim for lost wages and benefits arising after she began law school in August 1998.[1]

---

[1] Plaintiff should be precluded from seeking lost damages for the additional reason that she has failed to meet her duty to supplement discovery responses regarding her post-SNET income and employment. In an e-mail exchange with SNET's counsel on May 9, 2007, plaintiff's counsel advised that she did not intend to update her responses, which are now several years old, notwithstanding defense counsel's multiple attempts to get her to do so.

I.  **LEGAL STANDARD**

The Second Circuit will review this Court's exclusion of evidence for abuse of discretion. See, e.g., Chavez v. Metropolitan Dist. Commission, 198 Fed. Appx. 74, 2006 U.S. App. LEXIS 24062, *75 (2d Cir. Sept. 18, 2006). (Attached at Tab A). This Court is obliged "to admit only relevant evidence that is of consequence to the determination of the action." Applera Corp. v. MJ Research, Inc., 3:98cv1201 (JBA), 2004 U.S. Dist. LEXIS 1072, *4 (D. Conn. Jan. 28, 2004) (citing Fed. R. Evid. 401, 402) (Attached at Tab B). Because evidence offered in support of non-viable legal claims is not relevant and also carries a substantial risk of misleading the jury, a motion in limine is the appropriate vehicle for a party seeking an order of exclusion. See Applera Corp., 2004 U.S. Dist. LEXIS 1072, *5. The Court should enter an order precluding the offer or introduction of evidence or comments of counsel relating to Ms. Evarts's claim for lost wages and benefits because any such evidence is not relevant to any issue to be tried and would serve only to confuse the jury.

II.  **THE COURT SHOULD EXCLUDE ALL EVIDENCE RELATING TO PLAINTIFF'S ALLEGED LOST WAGES AND BENEFITS ARISING AFTER SHE LEFT SNET BECAUSE PLAINTIFF IS BARRED FROM RECOVERING LOST WAGES AND BENEFITS IN THIS ACTION.**

A plaintiff who prevails in a discrimination action under Title VII "must attempt to mitigate her damages by using *reasonable diligence* in finding other suitable employment." Dailey v. Societe Generale, 108 F.3d 451, 455 (2d Cir. 1997) (citations omitted; emphasis added). As the Second Circuit explained in Dailey, to satisfy this duty, although "plaintiff need not go into another line of work, accept a demotion or take a demeaning position [she] *must use reasonable care and diligence in seeking a job substantially equivalent to the one that was lost.*" 108 F.3d at 458 & n.1 (emphasis and alteration added).

2

While an employer claiming that a plaintiff failed to mitigate her damages generally has the burden of demonstrating that suitable work existed in the marketplace and that the plaintiff did not make reasonable efforts to secure such work, in Greenway v. Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir. 1998), the Second Circuit adopted an exception to this rule. In Greenway, the court adopted "a rule recognized in other circuits that [ ] absolve[s] [an employer] of the burden of demonstrating that suitable employment was available . . . if it can prove that the employee made no reasonable efforts to seek such employment." Id. at 54-55 (citing Weaver v. Casa Gallardo, Inc., 922 F.2d 1515, 1527 (11th Cir. 1991) and Sellers v. Delgado College, 902 F.2d 1189, 1193 (5th Cir. 1990)) (alterations added).

The pre-trial record clearly establishes that Ms. Evarts made no reasonable efforts to secure comparable employment after she resigned from SNET. Ms. Evarts is precluded as a matter of law from recovering lost wages or benefits in this action, and the Court should preclude any evidence regarding such purported losses.

    **A.**    **Plaintiff made no reasonable efforts to mitigate her damages.**

In Greenway, the jury concluded that defendant hotel had discriminated against plaintiff, its former bartender, on the basis of his disability (plaintiff was HIV positive). The jury awarded plaintiff a total of $1,439,000, which included an award for future medical costs and insurance premiums, back pay, and punitive damages. Greenway, 143 F.3d at 49. After certain adjustments by the magistrate judge, plaintiff was awarded $771,093, plus interest. Id. On appeal, defendant argued, among other claims, that because the district court agreed that plaintiff had failed to reasonably pursue comparable employment, defendant should not be required to establish that

3

comparable work was available for plaintiff. Id. at 54. As discussed above, the Second Circuit agreed.

Similar to Ms. Evarts, plaintiff in Greenway worked briefly after his discharge and also pursued some training. Following his termination, he worked for six months at a temporary agency; he also completed a machinist retraining program. Id. at 53. Plaintiff was unable to obtain work as a machinist and he did not attempt to find work as a bartender. Id. The Second Circuit found that plaintiff's six months work at a temporary agency did "not equate to a mitigation of damages because there is no evidence that it followed upon a diligent search for more permanent employment." Id. at 54.

Further, and particularly important here, the Greenway court cited a Southern District of New York decision, EEOC v. Local 638, 674 F. Supp. 91, (S.D.N.Y. 1987), in which that court stated that "[a]n individual who abandons his willingness to search for and return to work and opts to attend school instead generally does not meet his duty to mitigate damages during the time he is in school." 143 F.3d at 54 (citing EEOC v. Local 638, 674 F. Supp. at 104) (internal quotation marks omitted; alteration added). The Greenway court held that plaintiff did not meet his obligation to mitigate because rather than search for comparable employment he chose instead to work only temporarily and participate in the machinist's training program. Id. Concluding that plaintiff failed to mitigate his damages, the Greenway court held that his "awards for back and front pay, future health insurance premiums, and future medication costs must be vacated." Id. at 54.

Ms. Evarts undertook similarly deficient efforts to secure employment. Following her resignation from SNET, Ms. Evarts applied for a mere three or four jobs comparable to the position

4

she held with SNET. She did not go on any interviews and she did not receive any job offers. The only "jobs" that Ms. Evarts held after leaving SNET included a nine-month stint as a babysitter (including babysitting for her own child), and a part-time position working as a title searcher from May 1999 to December 2000. See Deposition of Denise Evarts, June 13, 2001 ("Evarts Depo. Day I") at pp. 17-18 (attached at Tab C) and Deposition of Denise Evarts, September 13, 2001 ("Evarts Depo. Day II") at pp. 7-14, 30-31, 128. (Attached at Tab D). Applying for three or four comparable positions certainly reflects no real effort to find a job and, as discussed below, plaintiff in fact harbored no desire to find a similar position – she aspired to become an attorney and started to pursue that career path virtually the minute she left SNET.

Simply put, Ms. Evarts's post-SNET job "search" history does not reflect *any* diligence, never mind "reasonable" diligence, to secure alternative employment. She therefore may not recover lost wages or benefits from SNET, and the Court should make such a determination prior to trial. See Greenway, 143 F.3d at 54; see also Hine v. Mineta, 238 F.Supp. 2d 497, 501 (E.D.N.Y. 2003) (plaintiff who held only three-month clerical job and was content to stay home with children after leaving former employer failed to make necessary attempts to mitigate her damages and was not entitled to backpay).

    **B.    At a minimum, the record reflects that plaintiff ceased making reasonable efforts to mitigate her damages when she started law school.**

In the event that this Court disagrees that Ms. Evarts failed entirely to mitigate her damages, the Second Circuit's settled law regarding mitigation requires at least the conclusion that Ms. Evarts stopped making reasonable efforts to mitigate her damages when she began to attend law school. SNET therefore respectfully submits that at a minimum, this Court should enter an order precluding

5

all evidence and/or comments by counsel relating to Ms. Evarts's claim for lost wages and benefits after August 1998, when Ms. Evarts began law school.[2]

In Dailey, the Second Circuit affirmed that "a plaintiff who abandons her willingness to search for and return to work and chooses to attend school instead generally does not meet her duty to mitigate damages during the time she is in school." Dailey, 108 F.3d at 458 & n.1. Courts in this Circuit and others agree. For example, in Keller v. Connaught, Inc., No. 96-177, 1997 U.S. Dist. LEXIS 1251 (E.D. Pa. Feb. 10, 1997) (attached at Tab E), the court granted partial summary judgment to defendant on the issue of damages because plaintiff had enrolled as a full-time student in college. Id. at *13. In Keller, after a 6-month effort to find employment, plaintiff applied for full-time admission to college. Id. at *3. After beginning college, plaintiff determined that she could not hold down a full time position while attending school; she also intended to attend law school after graduating from college. Id. Rejecting plaintiff's argument that she had met her duty to mitigate because she began college only because she could not find employment, the court noted that since beginning college, plaintiff had "not attempted to find part-time work during either the school year or during the summer." Id. at *11. The court also found that the record "compel[led] the conclusion that [plaintiff's] education was not structured to foster re-entry in the job market." Id. at *12 (alterations added). Indeed, similar to the facts presented, plaintiff in Keller did not choose to attend college in order to find comparable employment, but rather, "eventually to become a real estate lawyer." Id. Summarizing its view, the court ruled that plaintiff's "failure to remain available for even part-time or summer work, her commitment to her studies (50+ hours a week) and

---

[2] Plaintiff submitted her resignation from SNET on May 16, 1997 and her last day of work was May 30, 1997. See Ruling on Defendant's Motion for Summary Judgment at 7.

6

her chosen course of study in psychology (and then -- perhaps -- the law) [were] inconsistent with [plaintiff's] obligation to mitigate damages." Id. (alternations added).

In a similar case, Miller v. Marsh, 766 F.2d 490, 491-92 (11th Cir. 1985), the Eleventh Circuit affirmed the district court's grant of summary judgment against plaintiff as to back pay because the record evidence established that when she enrolled in law school full-time, plaintiff voluntarily removed herself from the labor market. Id. at 492-93; see also Taylor v. Safeway Stores, Inc., 524 F.2d 263, 268 (10th Cir. 1975) (affirming district court's ruling excluding from back pay award the time plaintiff attended school, court noted "when an employee opts to attend school, curtailing present earning capacity in order to reap greater future earnings, a back pay award for the period while attending school also would be like receiving a double benefit"); Paluh v. HSBC Bank USA, 409 F. Supp. 2d 178, 204-5 (W.D.N.Y. 2005) (granting defendant's motion for partial summary judgment dismissing plaintiff's claims for front and back pay and benefits where plaintiff enrolled in school after termination and there was no evidence that the decision to return to school was made after a "diligent, yet fruitless, job search"); accord Greenway, 143 F. 3d at 54 (plaintiff did not mitigate damages by participating in machinist's training program).

In Dailey, 108 F.3d at 451, the Second Circuit held that plaintiff had mitigated her damages, notwithstanding the fact that she eventually stopped looking for comparable work in order to participate in a physicians' assistant program. While plaintiff may attempt to seek refuge in Dailey, Dailey only supports SNET's argument that Ms. Evarts failed to reasonably mitigate her damages. Indeed, plaintiff in Dailey established that she attended school only after an extended and diligent search for comparable work proved fruitless. The court in Dailey even distinguished the facts before

7

it from those cases in which, like here, a "plaintiff voluntarily absents herself from an active job market because she believes her ultimate earning potential will be enhanced with the benefit of further education or where the plaintiff completely fails to seek alternate employment prior to enrolling in school." Id. at 457 (citing cases).

In stark contrast to the facts presented in Dailey, Ms. Evarts decided to attend law school in order to fulfill her long held dream of becoming a lawyer and earning more money. See Evarts Depo. Day II at pp. 15-16 (attached at Tab D). Ms. Evarts's aspirations began years prior to her resignation from SNET; she "always" wanted to attend law school and since high school hoped to obtain a position in which she could earn increasing income.[3] Id. at pp. 15-16; 19-20. Indeed, in the affidavit that Ms. Evarts filed with her summary judgment opposition papers, Ms. Evarts attests that had she continued to work for SNET, in 1998 she still would have attended law school at night. See Affidavit of Denise Evarts, dated September 16, 2005, ¶ 8. Ms. Evarts desired to earn more income than she had earned while working at SNET and expected that she could do so as an attorney. With this goal in mind, after Ms. Evarts began law school in the fall of 1998, she admittedly removed herself entirely from the job market for positions comparable to her former position with SNET. Evarts Depo. Day II at 174 (attached at Tab D).

In sum, in 1998, Ms. Evarts was a woman pursuing a long-held professional dream. Under Dailey and similar authority, Ms. Evarts failed to meet her duty to mitigate her damages. Therefore, in the event that this Court disagrees that Ms. Evarts is barred entirely from recovering lost wages and benefits, under settled law, she certainly may not recover for such losses after she left the job

---

[3] Plaintiff took the LSATs in February 1998, less than 9 months after leaving SNET. See Deposition of Denise Evarts, June 13, 2001, at p. 21. (Attached at Tab C).

market in order to attend law school. Because any evidence relating to such damages is irrelevant and would confuse the jury, this Court should, at a minimum, enter an order excluding the introduction of evidence or commentary relating to any alleged lost wages or benefits following Ms. Evarts's first day of law school in August 1998.

### III. CONCLUSION

For the reasons set forth above, SNET respectfully moves that the Court enter an order precluding the offer and introduction of evidence or comments of counsel relating to Ms. Evarts's claim for lost wages and benefits arising after she left SNET. Alternatively, SNET moves that the Court enter an order excluding the offer and introduction of evidence or comments of counsel relating to Ms. Evarts's claim for lost wages and benefits arising after she began law school in August 1998.

THE DEFENDANT,

THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY

By _____
Lori B. Alexander
Federal Bar No. CT 08970
Theresa M. Waugh
Federal Bar No. CT23559
LITTLER MENDELSON, P.C.
110 Washington Avenue
North Haven, Connecticut 06473
Tel. (203) 234-6344
Fax (203) 234-6345
E-Mail: lalexander@littler.com
E-Mail: twaugh@littler.com