**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DENISE EVARTS, | : | CIVIL ACTION NO. |
| | : | 3:00CV1124 (WIG) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY, | : | |
| | : | |
| *Defendant.* | : | MAY 10, 2007 |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION IN LIMINE RE HEARSAY**
**AND OTHERWISE INADMISSIBLE STATEMENTS**

The defendant, the Southern New England Telephone Company ("SNET"), hereby

moves in limine to preclude the reference to or the introduction into evidence of hearsay

testimony by Ms. Evarts, and testimony about which she has no personal knowledge.

SNET reasonably anticipates plaintiff will attempt to offer such improper testimony

based on representations by counsel, plaintiff's deposition testimony, and plaintiff's

Affidavit offered in opposition to summary judgment in this case.

**I.    LEGAL STANDARD**

Under the Federal Rules of Evidence, "[a] witness may not testify to a matter unless

evidence is introduced sufficient to support a finding that the witness has personal

knowledge of the matter." Fed. R. Evid. 602.  Moreover, "[h]earsay is not admissible

except as provided by these rules . . . ." Fed. R. Evid. 802.  Hearsay is defined as "a

statement, other than one made by the declarant while testifying at the trial or hearing,

offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801.

SNET anticipates that plaintiff will attempt to offer into evidence testimony that is hearsay and that, although offered by plaintiff, is not based on her personal knowledge. Such evidence is inadmissible and should be precluded.

## II.    ARGUMENT

### Testimony About Experiences and Treatment of Male Technicians

Plaintiff has asserted that "other technicians" were not spoken to about their timesheets, other technicians were not warned about failing to lock their vehicles, other technicians' timesheets were not accurate and/or did not match the DCWS computer print-outs, other technicians' cell phones were not taken away for exceeding the 300-minute maximum, and other similar events. She has admitted that this testimony is based on what other technicians told her and not on her personal knowledge. Clearly, any testimony that is based on what other technicians told her, even if plaintiff is coached to avoid saying *"he told me that . . . "* in her testimony, is hearsay and inadmissible. Fed. R. Evid. 801, 802.

Similarly, plaintiff stated in her Affidavit in opposition to summary judgment that "time sheets were customarily filled out at the end of the day by the crew." Since Ms. Evarts admittedly rode alone and did not personally observe other crew members or their habits with respect to time sheets, such testimony is not of her personal knowledge, can only be based on hearsay statements by other people, and should be precluded from evidence at trial.

### Testimony About Plaintiff's SNET Vehicle

Plaintiff also claims in this case that "[her] truck was due to be turned over before Rick [Dellavolpe's]" and that she learned this information from other people in the

workplace, including mechanics who worked in the SNET garage.  Since plaintiff clearly

has no personal knowledge of when the SNET garage intended to replace her truck, and

any such testimony relies on what other people told her, this testimony should be

precluded as hearsay and not based on plaintiff's personal knowledge.

In addition, plaintiff claims she spoke with "the mechanics" at SNET, and "they

said it was common practice for supervisors to hold back new trucks when they didn't

like someone."  Neither this statement nor any statement similar to it is admissible, as it is

clearly hearsay, and plaintiff lacks personal knowledge of the facts asserted in the

statement.

## Statements About Mr. Cordner

Plaintiff stated in her Affidavit in opposition to summary judgment that Mr.

Cordner "had a violent temper." Although plaintiff may certainly testify about what she

saw, heard, and otherwise has personal knowledge of, she is not a psychologist and is

certainly not qualified to make judgments about Mr. Cordner's personality.  She may

describe what Mr. Cordner said and did but may not offer her own opinions about his

personality.  Similarly, she may not offer testimony that is predictive in nature rather than

descriptive in nature, as a lay witness in this case.  In addition, given the nature of such

testimony, the prejudice to SNET clearly outweighs any probative value such testimony

may have.

## Statements About Claims by or Purported Experiences of Crystal White

Plaintiff claims that a supervisor, Crystal White, told her Ed Dillman fired her and

that she planned to pursue a sex discrimination complaint against SNET.  She also claims

White told her that Dillman had remarked about the type of boots White wore to work,

complaining that they made her look like a "hooker."   She also claims that White told her she had kept a daytimer of incidents at SNET and was afraid Dillman would destroy the evidence.  This evidence, as well as all evidence based on what Crystal White told plaintiff, is clearly hearsay and should be precluded.

In addition, Ms. White did not work in plaintiff's work group during the time complained of.  What Ms. White claims with respect to her own treatment is also irrelevant to this case, and the admission of such testimony, or any evidence concerning Ms. White's alleged claims, would require a mini-trial on the experiences of Crystal White which is inappropriate.

Courts should preclude the introduction of evidence of claims by other people alleging discrimination based on the same protected trait as the plaintiff.  For example, in Schrand v. Federal Pacific Electric Co., 851 F.2d 152 (6th Cir. 1988), plaintiff sued defendant for age discrimination.  The jury returned a verdict for plaintiff and defendant appealed.  Id. at 153.  On appeal, among other challenges, defendant argued that the district court erred in allowing two former employees to testify (by direct testimony, not hearsay testimony as the plaintiff in the present case offers) that they were advised by defendant that they were being terminated because they were too old.  The Sixth Circuit agreed that the District Court had erred in permitting this testimony, finding such testimony to have been irrelevant to plaintiff's claims and in fact the only evidence in the case relating to age discrimination.  See also Evans v. Port Authority, No. 02-Civ. 3482, 2005 U.S. Dist. LEXIS 19796 (S.D.N.Y. Sept. 13, 2005) ("[i]ntroduction of evidence of alleged retaliation against other employees entail[ed] very substantial risks of most of the adverse effects enumerated in [Rule 403).").

**<u>Plaintiff's Statements About Alleged Discrimination Years Before the Relevant Time and by Individual(s) Not Involved in This Litigation</u>**

Plaintiff asserted in her opposition to summary judgment that at the beginning of her employment as a technician for SNET in a different location of the company, she was exposed to "highly inappropriate behavior" that was sexually harassing. She alleges that at one point dead roses were left on the windshield of her vehicle with a graphic sexual note. <u>See</u> Exh. 27 of Plaintiff's Exhibits in Opposition to Motion for Summary Judgment, Vol. II dated Sept. 19, 2005. Plaintiff claims that this conduct was carried out by an individual named John Napolitano, who is not involved in this litigation.

Such testimony is not relevant to the issue in this case, which is undisputedly whether plaintiff was subjected to a hostile work environment based on her sex in 1996-1997, during the time she worked under the supervision of Matt Cordner. Testimony concerning plaintiff's experiences in another facility and conduct by a person not involved in this case, is irrelevant to this issue and will only serve to unfairly prejudice SNET. Plaintiff's attempts to expand her claims back 10 years before filing her initial complaint in this matter, and well beyond any applicable statute of limitations should not be permitted.

## III.    <u>CONCLUSION</u>

For the aforementioned reasons, SNET respectfully requests an order precluding plaintiff from referring to or offering into evidence any of the statements or assertions described above.

Dated at New Haven, Connecticut this 10th day of May, 2007.

THE DEFENDANT,

SOUTHERN NEW ENGLAND
TELEPHONE COMPANY


By: _____
                  Lori B. Alexander, Esquire
                  Federal Bar No. ct08970
                  Deborah D. Cannavino, Esquire
                  Federal Bar No. ct08144
                  Littler Mendelson, P.C.
                  110 Washington Avenue
                  North Haven, CT 06473
                  Tel. (203) 234-6344
                  Fax: (203) 234-6345
                  E-mail:  lalexander@littler.com
                  dcannavino@littler.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed by first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 10th day of May, 2007, as follows: Karen Torre, Esquire, Law Offices of Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, Connecticut 06510.

_____
Lori B. Alexander
Federal Bar No. CT08970