UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENISE EVARTS, | : | CIVIL ACTION NO. |
| | : | 3:00CV1124 (WIG) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | : | |
| | : | |
| Defendant. | : | MAY 10, 2007 |

**DEFENDANT'S MOTION IN LIMINE RE IANNIELO TESTIMONY
OR, IN THE ALTERNATIVE, TO BIFURCATE TRIAL**

Defendant Southern New England Telephone Company ("SNET") respectfully moves in limine to preclude the reference to or introduction into evidence of testimony from former SNET employee David Iannielo concerning Matt Cordner's alleged comments regarding women working at SNET. As a result of this Court's Ruling on Defendant's Motion for Summary Judgment, the issue remaining in this matter is whether plaintiff Denise Edvarts was subjected to a hostile work environment based upon her gender. Because Ms. Evarts did not even know about Mr. Cordner's alleged comments until years after leaving SNET, such alleged comments cannot support a claim that her work environment was hostile. As detailed more fully in the memorandum of law that SNET files with this motion, this Court should exclude this testimony because it is irrelevant, likely to confuse the jury, and its probative value, if any, is wholly outweighed by the danger of unfair and irreparable prejudice to SNET.

*ORAL ARGUMENT REQUESTED*

Alternatively, in the event that this Court should decline to exclude this testimony, SNET moves that the Court bifurcate trial in this matter into two phases. During the first phase, the parties would present evidence relating to plaintiff's claim that her environment was objectively and subjectively hostile. Iannielo's testimony has no connection to this issue and would not be allowed during this phase. In the event that plaintiff satisfies her burden to establish such a legally "hostile" environment, during the second phase the parties would present evidence addressing whether plaintiff's work environment was "hostile" because of gender and whether SNET is liable to plaintiff for this environment. SNET respectfully submits that by bifurcating the trial in this way, the Court would reduce some of the prejudice to SNET by not having the jury consider the Iannielo testimony when deciding whether the conduct plaintiff claims rose to the level of a hostile work environment.

Dated at North Haven, Connecticut this 10th day of May, 2007.

THE DEFENDANT,
THE SOUTHERN NEW ENGLAND
TELEPHONE COMPANY

By *Lori B. Alexander*
Lori B. Alexander
Federal Bar No. CT 08970
Theresa M. Waugh
Federal Bar No. CT23559
LITTLER MENDELSON, P.C.
110 Washington Avenue, 3rd Floor
North Haven, Connecticut 06473
Telephone: (203) 234-6344
Facsimile: (203) 234-6345
E-Mail: lalexander@littler.com
E-Mail: twaugh@littler.com

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed by first-class mail, postage prepaid to all counsel and pro se parties of record on this 10th day of May, 2007, as follows: Karen Torre, Esquire, Law Offices of Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, Connecticut 06510.

                                              Lori B. Alexander
                                              Federal Bar No. CT08970