

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENISE EVARTS | : |
| Plaintiff | : |
| V. | : Civil No. 3:00CV1124 (WIG) |
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | : May 10, 2007 |
| Defendant | : |

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff respectfully moves this court to preclude SNET, its counsel, officials and witnesses from introducing any evidence, offering any testimonial statements or otherwise eliciting testimony on the following subjects:

1) The lay opinions of any other female employee of SNET regarding the character of plaintiff's supervisor Matthew Cordner and manager Edward Dillman.

2) Any and all opinions of one Wanda Lewis, an ex-supervisor of the plaintiff or any introduction of hearsay statements or notes authored by Lewis which defendant claims to have been placed in plaintiff's personnel file.

3) Plaintiff's academic records, including college and law school transcripts, grades, test performance and like matters relating to her schooling.

4) Evarts' career as a lawyer, her bar admission, job-seeking and employment as a lawyer.

The plaintiff submits that the issue before the juror in this case is whether plaintiff was subjected to a hostile and offensive working environment on account of her gender; in particular, whether such environment was created by supervisor Matthew Cordner and manager Edward Dillman. Also before the jurors is the question whether plaintiff reasonably left the work environment then and there existing and was thus constructively discharged. In anticipation that defendant may seek to distract the jury from its task, plaintiff seeks an order precluding SNET from inquiring into the above matters or offering documents or soliciting testimony from witnesses on these matters as they are irrelevant under Fed. R. Evid. 401 and thus inadmissible under Fed.R.Evid. 402.

Plaintiff anticipates that SNET may introduce testimony from former SNET supervisor Wanda Lewis regarding her opinion of Evarts or introduce a hand-written note allegedly authored by Lewis and allegedly found in SNET's files regarding Evarts which contains her opinion of Evarts. Plaintiff will object to the introduction of such note which appears on defendant's list of exhibits on two grounds: 1) the note has never been authenticated; and 2) it is irrelevant to the issues before the jury. Whether a prior supervisor saw reason to pen a note containing a negative criticism of Denise Evarts is irrelevant to whether her successor, Matthew Cordner, created a hostile and office working environment for Evarts on account of her gender and/or whether Edward Dillman contributed to that environment by his own conduct toward the plaintiff.

For all of the above reasons, the plaintiff respectfully requests that this motion be granted.

THE PLAINTIFF

BY: _____
KAREN LEE TORRE
Federal Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510
(203) 865-5541

Her Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, First Class, postage paid, on May 10, 2007, to:

Lori B. Alexander, Esq.
Theresa M. Waugh, Esq.
Deborah DeHart Cannavino, Esq.
Littler Mendelson, P.C.
110 Washington Avenue
North Haven, CT 06473

David Vegilante, Esq.
Southern New England Telephone Co
310 Orange St., 8th Fl.
New Haven, CT 06510

_____
Karen Lee Torre

4