UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENISE EVARTS, | : | CIVIL ACTION NO. |
| | : | 3:00CV1124 (WIG) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE SOUTHERN NEW ENGLAND | : | |
| TELEPHONE COMPANY, | : | |
| | : | |
| Defendant. | : | MAY 21, 2007 |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR ORDER
AND REQUEST FOR EXPEDITED CONSIDERATION**

**I.      INTRODUCTION**

In the sole remaining claim in this action, plaintiff Denise Evarts alleges that defendant Southern New England Telephone Company ("SNET") violated Title VII of the Civil Rights Act by subjecting her to a hostile work environment based upon her gender. She claims that she was constructively discharged as a result of this hostile environment and she seeks, among other remedies, back pay, lost benefits, and damages for alleged emotional distress. Trial in this matter is scheduled to commence in less than one month, on June 6th. Defense counsel has on several occasions in the past months requested updated discovery responses concerning plaintiff's attendance at law school, employment, and attempts to seek employment, but plaintiff has failed to provide such updates since 2001. On May 9th, plaintiff's counsel confirmed that she would not be providing supplements to plaintiff's outdated responses to SNET's discovery requests regarding plaintiff's employment and efforts to obtain employment.

Because SNET has made a good faith effort to resolve this matter with opposing counsel but has been unable to do so, and because trial is imminent, pursuant to Fed. R.

Civ. P. 37 and D. Conn. L. Civ. R. 37, SNET moves to compel plaintiff to supplement her undisputedly outdated responses to SNET's discovery requests and to attend a deposition limited to the issue of her attendance at law school, attempts to secure employment, and any employment she has held since her last day of deposition on September 14, 2001.

## II.  BACKGROUND

In SNET's First Set of Interrogatories and Requests for Production, dated September 27, 2000, in Interrogatory Nos. 11-13, SNET requested information regarding Ms. Evarts's efforts to obtain employment and her sources of income since leaving SNET. See First Set of Interrogatories and Requests for Production, attached at Tab A. Plaintiff responded to these requests in December 2000, and then testified on these issues during her 2001 deposition; plaintiff, however, has not in years provided SNET with updated information.

In its Second Set of Interrogatories and Requests for Production, in Request No. 9, SNET requested "[c]opies of all applications" Ms. Evarts has made, and copies of "all offers of employment in jobs related to the legal profession since leaving SNET." Ms Evarts testified on this issue in her September 14, 2001 deposition, and in her October 30, 2001 responses, Ms. Evarts referred SNET to her prior December 7, 2000 responses to discovery. See Supplemental Responses to Defendant's Second Set of Interrogatories and Requests for Production, attached at Tab B. Plainly this information now is outdated; indeed, as a result of publicly available information, SNET understands that much has changed since SNET deposed Ms. Evarts in 2001. At that time Ms. Evarts was a law student; today she is a lawyer practicing in Chester.

In an e-mail exchange on May 9, 2007, plaintiff's counsel announced that plaintiff had decided that she would not seek damages beyond three years post her resignation from SNET and therefore SNET was not entitled to updated information on these issues. See Affidavit of Theresa M. Waugh, attached at Tab C. Because the operative complaint in this matter contains no such limitation; because plaintiff may not select a limited period for which to seek damages in an attempt to prevent the jury from learning that plaintiff is a lawyer who will undoubtedly earn significantly more over her working life than she would have as a technician at SNET; and because information regarding plaintiff's efforts to find employment after leaving SNET and any subsequent employment is also relevant to other of plaintiff's claims (e.g., her alleged "reputational injury" and damages for her alleged emotional distress), information regarding plaintiff's employment history up through and including trial is directly relevant to plaintiff's claims.

### III. ARGUMENT

Federal Rule of Civil Procedure 26(e) requires a party to supplement its prior responses to discovery when earlier responses are no longer complete. Rule 37 further provides a party a vehicle with which to seek the assistance of this Court when a party does not meet its discovery obligations and the moving party has been unsuccessful in reaching agreement with the opposing party on the issue. Finally, although this is not necessary to prevail on such a motion, in this case, the parties are fast approaching a trial in which the extent to which plaintiff mitigated her damages is directly relevant to the amount of recovery to which she is entitled.[1] See Greenway v. Buffalo Hilton Hotel, 143

---

[1] Defense counsel believed that this would and should be a simple matter that would not require this Court's intervention.

3

F.3d 47 (2d Cir. 1998). The nature and extent to which plaintiff has been employed since 2001 also is relevant to her claimed lost wages, reputational injury, and the extent to which plaintiff has suffered emotional distress.

In light of the looming trial date, the direct relevance of this information, and plaintiff's counsel's indication that she will not update this information, SNET respectfully moves that this Court compel plaintiff to meet her discovery obligations. SNET moves that this Court order plaintiff to update her responses to the above referenced written discovery and to submit to a brief deposition limited to the issue of her employment and attempts to find employment subsequent to her September 14, 2001 deposition.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court should enter an order requiring plaintiff to update her responses to the written discovery addressed herein, and to appear for a brief deposition limited to the issues of plaintiff's attendance at law school, her employment, and attempts to find employment since September 2001. Because trial is scheduled to begin on June 6, SNET requests that his Court Order that plaintiff supplement her discovery and appear for this deposition on or before May 30, 2007.

4

Dated at North Haven, Connecticut this 21st day of May, 2007.

>THE DEFENDANT,
>THE SOUTHERN NEW ENGLAND
>TELEPHONE COMPANY
>
>By _____
>Lori B. Alexander
>Federal Bar No. CT 08970
>Theresa M. Waugh
>Federal Bar No. CT23559
>LITTLER MENDELSON, P.C.
>110 Washington Avenue, 3rd Floor
>North Haven, Connecticut 06473
>Telephone: (203) 234-6344
>Facsimile: (203) 234-6345
>E-Mail: lalexander@littler.com
>E-Mail: twaugh@littler.com

5