UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENISE EVARTS | : |
| Plaintiff | : |
| | : Civil No. 3:00CV01124 (JCH) |
| V. | : |
| SOUTHERN NEW ENGLAND TELEPHONE | : |
| | : OCTOBER 30, 2001 |
| Defendant | : |

PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S
SECOND SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION FROM THE DEFENDANT

The Defendant, Southern New England Telephone Company ("SNET"), hereby requests that the plaintiff answer the following Interrogatories and Requests for Production in writing and under oath within thirty (30) days of the date of Service herewith.

**I. INSTRUCTIONS**

In answering these Interrogatories and Requests for Production, furnish all information available to you, including information in your possession, custody or control or the possession, custody or control of any person acting on your behalf, and not merely such information as is known of your own personal knowledge. I you cannot answer any part of these Interrogatories and Requests for Production in full after exercising due diligence to secure the information requested, so state and answer them as fully as possible, and state whatever information or knowledge you have concerning the unanswered or partially answered items.

These Interrogatories and Request for Production are to be considered as continuing up to and including the time of trial. Your are requested to provide, by way of supplementary responses, any additional information in your possession, custody or control which are responsive to these interrogatories. Such supplementary responses are to be served upon defendant within 10 days of the receipt of such additional information.

As used herein, the following terms shall have the meanings indicated below:

A.	The words "plaintiff," "plaintiffs," and "you" or "your" shall be deemed synonymous with and shall be deemed to include any and all agents, servants, employees, attorneys and other representatives of the plaintiff.

B.	"Person" means natural person, corporation, partnership, sole proprietorship, union, association, federation, and any other kind of entity.

C.	"Document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including without limitation, drafts, letters, minutes, purchase orders, bills, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter-office communications, statements, announcements, photographs, tape recordings, motion pictures, information stored in computer, and any carbon or photographic copies of any such material if plaintiff does not have custody or control of the originals.

In responding to these interrogatories. In each question wherein you are asked to "identify" a person, state with respect to each such person his or her (a)name, (b)last-known home address and

2

telephone number, (c)last-known business address and telephone, (d)last-known employer, together with said employer's address, and (e)relationship to you.

## II. INTERROGATORIES

### INTERROGATORY NO. 1

For the period of January 1, 1996 to the present, please state 1)during what period(s) of time any of your children were enrolled in a day care or received day care services from any source; 2)for each period of time identified, state the name and address of the day care provider; 3)for each period of time identified, state the amount you paid for such services; and 4)for each period of time identified, state the name of the child/children who received the day care services.

### RESPONSE:

The plaintiff withdraws her objection and states the following:

| | |
|---|---|
| January, 1996-May, 1997 | Donna Jordan, 29 Southern Parkway, Milford, CT 06460 |
| | $400.00 per month for Kyle Evarts. |
| 1998-2000 | Chester Childcare, Main Street, Chester, CT 06412 |
| | For Kyle Evarts. See attached authorization for release of financial information. |

### INTERROGATORY NO. 2

Identify each and every male service technician at the Coin group who you claim was allowed to satellite out of an SNET office in North Madison.

3

**RESPONSE:**

The plaintiff withdraws her objection and states the following:

The plaintiff does not know if any service technicians were allowed to satellite out of an SNET office in North Madison.

**INTERROGATORY NO. 3**

State with specificity each and every fact you rely on for your claim that there was sufficient work in the payphone services group to support a satellite office in North Madison, Connecticut in 1996-97.

**RESPONSE:**

See plaintiff's deposition testimony dated June 13, 2001.

**III. REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**

Signed authorizations, in the form attached hereto, to obtain records of attendance and payments to each and every day care provider utilized form January 1, 1995 to present.

**RESPONSE:**

See attached authorization.

**REQUEST NO. 2**

A copy of your or your attorney's document bearing Bates Stamp No. 192 which you indicated at page 11 of your deposition you had reviewed to prepare for your deposition.

4

**RESPONSE:**

The plaintiff objects to this request on the grounds that this document is already in the possession of defendant.

**REQUEST NO. 3**

Copies of all documents you reviewed to prepare for your deposition held on June 13, 2001.

**RESPONSE:**

The plaintiff reviewed the complaint, plaintiff's response to interrogatories and requests for production, and defendant's responses to plaintiff's interrogatories and requests for production. These documents are in the possession of the defendant.

**REQUEST NO. 4**

A signed authorization, in the form attached hereto, to obtain any and all medical records concerning you from CHCP.

**RESPONSE:**

This plaintiff complied with this request on September 25, 2001.

**REQUEST NO. 5**

Records of all payments made to Chester Day Care Center for the care of your child/children from January 1, 1995 to the present, as well as records indicating the dates of attendance of any of your children at Chester Day Care Center.

**RESPONSE:**

See attached authorization.

**REQUEST NO. 6**

Copies of transcripts of your undergraduate studies at Teikyo University, or an authorization in the form attached hereto to obtain such records.

**RESPONSE:**

See attached authorization.

**REQUEST NO. 7**

Copies of transcripts of your studies at South Central Community College/Gateway University, or an authorization in the form attached hereto to obtain such records.

**RESPONSE:**

See attached authorization.

**REQUEST NO. 8**

Copies of transcripts of your legal studies at Quinnipiac College School of Law, or an authorization in the form attached hereto to obtain such records.

**RESPONSE:**

See attached authorization.

**REQUEST NO. 9**

Copies of all applications you have made for, as well as copies of all offers of employment in, jobs related to the legal profession since leaving SNET.

**RESPONSE:**

The plaintiff previously complied with this request on December 7, 2000.

**REQUEST NO. 10**

Authorization in the form attached hereto to obtain payroll records from Kapusta and Otzel, your employer from 1999-2000.

**RESPONSE:**

The plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11**

Authorization in the form attached hereto to obtain all employment records from Kapusta and Otzel, your employer from 1999-2000.

**RESPONSE:**

The plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12**

Documentation of any conversations with Ed Dillman relevant to any of the allegations in the complaint, including, but not limited to, the documentation you referred to at page 62 of your deposition on June 13, 2001 concerning a telephone conversation with Ed Dillman about setting up a satellite office in North Madison.

7

**RESPONSE:**

The plaintiff did not personally create any documentation regarding this conversation. Any documentation that does exist was created by the defendant and therefore, is already in defendant's possession.

**REQUEST NO. 13**

Copy of the "SNET policy" you referred to at page 91 of your deposition which you claim prohibited service technicians from opening a pay phone other than the one he/she was working on at the time.

**RESPONSE:**

The plaintiff objects to this request on the grounds that any such policy is already in the possession of the defendant.

>                                         THE PLAINTIFF
>                                         DENISE EVARTS
>
>                                         BY: /s/ M. Holmes
>                                         MICHELLE HOLMES
>                                         Federal Bar No. ct20014
>                                         Law Offices of Karen Lee Torre
>                                         51 Elm Street
>                                         Suite 307
>                                         New Haven, CT 06510
>                                         (203) 865-5541
>
>                                         Her Attorney

8

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first-class mail this 30th day of October, 2001 to Attorney Lori Alexander, Tyler, Cooper & Alcorn, LLP, 205 Church Street, P.O. Box 1936, New Haven, CT 06509.

*M. Holmes*
Michelle Holmes

9