UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENISE EVARTS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00CV1124 (WIG) |
| v. | : | |
| THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, | : | |
| Defendant. | : | MAY 21, 2007 |

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER

Pursuant to D. Conn. L. Civ. R. 37(a)(2), the undersigned counsel respectfully represents:

1) I am over eighteen (18) years of age and believe in the obligations of an oath.

2) I am an attorney for the defendant, the Southern New England Telephone Company ("SNET"), in the above-captioned case.

3) Trial in this matter is scheduled to begin on June 6, 2007; the remaining claim in this matter is whether SNET subjected plaintiff Denise Evarts to a hostile work environment such that she was constructively discharged.

4) In SNET's First Set of Interrogatories and Requests for Production, in Interrogatory Nos. 11-13, SNET requested information regarding Ms. Evarts's efforts to obtain employment and her sources of income since leaving SNET.

5) Plaintiff responded to these requests in December 2000, and then testified on these issues during her 2001 deposition; plaintiff, has not provided SNET with supplemental responsive information to this undisputedly outdated information.

6) In its Second Set of Interrogatories and Requests for Production, in Request No. 9, SNET requested "[c]opies of all applications" Ms. Evarts has made, and copies of "all offers of employment in jobs related to the legal profession since leaving SNET." Ms Evarts testified on this issue in her September 14, 2001 deposition, and in her October 30, 2001 responses, Ms. Evarts referred SNET to her prior December 7, 2000 responses to discovery. Plaintiff has also failed to provide SNET with supplemental responsive information to this undisputedly outdated information.

7) The undersigned e-mailed plaintiff's counsel on May 9, 2007 to request that plaintiff update this information. Upon information and belief, attorney Lori Alexander, who also represents SNET in this action, previously has requested that plaintiff's counsel provide SNET with supplemental information regarding plaintiff's attendance at law school, her employment, and her efforts to obtain employment.

8) In her response, plaintiff's counsel advised that she did not believe that SNET was entitled to receive information on these issues, because plaintiff had decided that she would not seek damages beyond three years post her resignation from SNET.

9) As detailed in SNET's Memorandum of Law in Support of Motion for Order and for Expedited Consideration, this information is directly relevant to several of plaintiff's claims. Further, plaintiff may not select a limited period for which to seek damages in an attempt to prevent the jury from learning that plaintiff is a lawyer who will undoubtedly earn significantly more over her working life than she would have as a technician at SNET.

10) SNET therefore today moves that this Court order plaintiff to update her responses to the above referenced written discovery and to submit to a deposition limited

2

to the issue of her law school attendance, employment, and attempts to find employment subsequent to her September 14, 2001 deposition.

_____
Theresa Waugh

Subscribed to and sworn before me this ___21st___ day of May, 2007.

_____
Notary Public

My Commission Expires:

**MAUREEN J. DeFIGUEIREDO**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES NOV. 30, 2011

3

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed by first-class mail, postage prepaid to all counsel and pro se parties of record on this 21st day of May, 2007, as follows: Karen Torre, Esquire, Law Offices of Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, Connecticut 06510.

_____
Theresa M. Waugh
Federal Bar No. CT23559