# EXHIBIT E

THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DENISE EVARTS,

    Plaintiff,

v.

THE SOUTHERN NEW
ENGLAND TELEPHONE
COMPANY,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CIV. ACTION NO. 3:00CV1124(WIG)

OCTOBER 24, 2002

## OBJECTION TO DOCUMENT REQUEST

The defendant, Southern New England Telephone Company hereby objects to plaintiff's

document request accompanying the Notice of Deposition of Ed Dillman dated September 24, 2002.

2.     Daily time reports, "DCWS" reports/printouts for the mail technicians
who worked with Denise Evarts under the supervision of Matthew
Cordner from July, 1996 through May, 1997.

**Objection:**     This request is overly broad and burdensome and not reasonably
calculated to lead to the discovery of admissible evidence.

THE DEFENDANT,
SOUTHERN NEW ENGLAND TELEPHONE, INC.

By _Lori B. Alexander_
Lori B. Alexander
Federal Bar No. CT08970
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06509
Tel. (203) 784-8200
Fax No. (203) 789-2133
E-Mail: alexander@tylercooper.com

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 24th day of October, 2002, as follows: Karen Torre, Esquire, Law Offices of Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, Connecticut 06510.

*Lori B. Alexander*

Lori B. Alexander
Federal Bar No. CT08970

# EXHIBIT F



# Tyler Cooper
# & Alcorn, LLP

*Counsellors at Law*

**Lori B. Alexander**
203.784.8270
Fax: 203.789.2133
alexander@tylercooper.com

**205 Church Street**
P.O. Box 1936
New Haven, CT
06509-1910
203.784.8200

New Haven
Hartford
Stamford
Madison

November 11, 2003

The Honorable William I. Garfinkel
United States Magistrate Judge
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

*VIA TELECOPIER NO. (203) 579-5946*
*AND HAND DELIVERY*

**Re:** ***Denise Evarts v. The Southern New England Telephone Company***
***Civ. Action No. 3:00CV1124(WIG)***

Dear Magistrate Judge Garfinkel:

This is the response of defendant The Southern New England Telephone Company ("SNET") to plaintiff's letter to the Court dated October 7, 2003, related to plaintiff's document request for all "[d]aily time reports, DCWS [1] reports/printouts for the mail [sic] technicians who worked with Denise Evarts under the supervision of Matthew Cordner from July, 1996 through May, 1997."

**I.** **Plaintiff's Request For All Daily Time Reports and Printouts for Eight Technicians for an Eleven-Month Period Is Unduly Broad and Burdensome and Not Likely to Lead to the Discovery of Admissible Evidence.**

On September 24, 2002, plaintiff served a document request attached to a notice of deposition for an SNET manager, Edward Dillman, that included, inter alia, the following request:

> 2.    Daily Time Reports, DCWS reports/printouts for the male technicians who worked with Denise Evarts under the supervision of Matthew Cordner from July 1996 through May, 1997.

SNET objected to the request on the grounds that it was "overly broad and burdensome and not reasonably calculated to led to the discovery of admissible evidence." Exh. A.

---

[1] "DCWS" stands for Display Craft Work Summary. DCWS reports were working tools for managers and are retained for only about 90 days. They are not available from 1996-97 and cannot be produced. The paper DCWS reports were generated from electronic information that was stored in an SNET database.

The Honorable William I. Garfinkel
November 11, 2003
Page 2

As set forth in Section II below, in an attempt to resolve the matter without Court intervention and without waiving its objection, SNET located, copied, and delivered to plaintiff's counsel 3,137 (three thousand one hundred thirty-seven) pages of technicians' time sheets covering the full period requested. These were the time sheets of the eight male technicians who worked with Denise Evarts for the period requested, July 1996 through May 1997.

Notwithstanding this production of time sheets, SNET objected and continues to object to the breadth of the request, first, because it seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. The present litigation is based on a single-count complaint in which the plaintiff alleges gender discrimination. In her Complaint, plaintiff claims that she was "harassed" in the eight different ways. See Complaint dated June 16, 2000 at ¶¶ 12(a) - (g).

In the very last (eighth) allegation, plaintiff mentions that she was allegedly "verbally reprimanded" in May 1997 concerning her time sheets. Notwithstanding plaintiff's counsel's unsupported Complaint allegation, plaintiff's testimony is that her supervisor (Matt Cordner) and manager (Ed Dillman) talked to her in early May, 1997 about the fact that she needed to improve the way she filled out her time sheets. Although she was spoken to about time sheets, "no action was taken" against her related to time sheets. Exh. P (Excerpt from Evarts Dep.).

The fact that plaintiff's supervisor talked to her about her time sheets in May 1997 does not permit plaintiff to engage in roving and burdensome discovery of every other time record related to every other technician for an eleven-month period. Moreover, SNET has already copied and produced every time sheet for every technician who worked with the plaintiff during the eleven-month period requested. Yet plaintiff has indicated she now wants all electronic records as well. To now go beyond what has been produced and ask for all DCWS (or electronic) records is completely unreasonable.

First, as SNET has repeatedly stated to plaintiff's counsel, if plaintiff truly has a basis for believing that there is a particular technician who did not record his time accurately on his time sheets during a particular period, but was treated differently from plaintiff, SNET would find out whether any electronic time records are available for that technician based on a limited request. See Exh. D (asking plaintiff's counsel to narrow the request to a particular technician if she has a good faith belief that the technician had time sheet issues similar to the plaintiff's). However, plaintiff has refused to narrow the request in any respect, has not made a good faith effort to resolve the dispute, and instead persistently insists that she "wants everything she requested and wants it now." The type of roving and burdensome discovery which plaintiff is pressing, without even an articulable basis for believing that any other particular technician engaged in conduct similar to plaintiff's but was treated differently, is not a proper use of the discovery procedures under the Federal Rules of Civil Procedure.

The Honorable William I. Garfinkel
November 11, 2003
Page 3

Moreover, plaintiff's failure to request any such documents at any time during the 5 ½ years following her resignation from employment, and during the first 2 ½ years this Federal Court case has been pending, is further evidence that the request is a mere fishing expedition propounded in an attempt to find some last-minute basis for claiming different treatment. Although this case was pending before the Commission on Human Rights and Opportunities for more than 2 years and plaintiff asked for many documents in that forum, she never requested copies of time records for other technicians. Nor did she seek such records during the first 2 ½ years of the present litigation. Instead, it was more than five years after she resigned from SNET (May, 1997) when she apparently first decided to ask for time records of other technicians.[2]

Third, although maintaining an objection, SNET has responded to the request by providing a box of 3,137 separate time sheets of all eight technicians who worked with the plaintiff during the last year of her employment. That is more than sufficient. There is no good faith basis for now requiring SNET to attempt to locate additional electronic records containing the same information.

Last, the issue of time sheets is a red herring. Although plaintiff was spoken to about her time sheets just before she resigned, she was never disciplined concerning them, nor did she suffer any adverse employment action related to them. The fact that her supervisor, Matt Cordner, spoke to her about an issue, with no employment consequences to her, does not open up every time record for every technician to the sort of broad discovery that the plaintiff seeks.

Mr. Cordner spoke to the plaintiff about her time sheets because her time sheets had cross-outs on them, she had entries that were duplicates of other jobs on the same day, jobs were recorded with no equipment charge indicated on the time sheets, and lunch times were recorded on the time sheets that were not consistent with other information on the sheets. Exh. Q (Cordner Dep.) SNET produced plaintiff's time sheets years ago in this litigation and has now produced copies of every time record of every technician who worked with the plaintiff for each day of the last eleven months of her employment. As noted above, plaintiff was criticized for the way she completed her handwritten time sheets, including messy entries and cross-outs, repeated entries, lunch breaks recorded at the same time every day when in fact she took lunch at different times, and excessive time attributed to jobs. Since the problem addressed by her supervisor was the way she completed her time sheets -- based on her supervisor's reviews of the time sheets themselves -- there is no need for DCWS reports or electronic time records. It is true that plaintiff was shown a DCWS printout on one occasion to demonstrate just how inaccurate her time reporting was, but DCWS reports were not the source of the problem.

---

[2] Early on in this case, plaintiff requested -- and SNET provided -- copies of plaintiff's handwritten time sheets.

The Honorable William I. Garfinkel
November 11, 2003
Page 4

## II.    Plaintiff Did Not Make a Good Faith Effort to Resolve the Discovery Dispute Concerning Time Records.

Although plaintiff's counsel has submitted to the Court a purported narrative description of the discovery dispute, the letter is remarkable for its misleading generalities, lack of specifics, and lack of citation to any part of the record of this case. Fundamentally, and notably, plaintiff does not even produce for the Court (as she represented she would in the telephonic conference with the Court Clerk and SNET's counsel in setting up the discovery conference), the actual discovery request at issue or SNET's objection to it, apparently not wanting the Court to see that SNET's objection is more than a year old. Nor does plaintiff provide any details about what was produced by SNET in response to the request notwithstanding its objection, or the agreement between counsel as to how the information would be produced.

In fact, plaintiff's counsel's letter is full of misleading assertions. For example, in her first paragraph, she wrongly implies to the Court that a different discovery issue -- the production of five pages of documents by SNET after the first day of Ed Dillman's deposition over a year ago -- that led to an in-chambers conference with the Court is somehow related to the discovery request concerning DCWS reports. It is not. This is the first time plaintiff has made any attempt to place the issue of SNET's objection to the production of time records before the Court, and it has nothing to do with the topic discussed with the Court at the prior in-chambers conference.

To address the misleading characterization in plaintiff's letter, SNET sets forth below a chronology of the dispute at issue, with supporting documentation.[3]

**September 24, 2002.** Plaintiff served SNET with a Notice of Deposition of Ed Dillman for nine days later, October 3, 2002, with an accompanying document request.[4] The first day of Mr. Dillman's deposition had taken place a year before, on September 18, 2001. The October 3rd deposition was subsequently canceled by the plaintiff.

---

[3] The undersigned has hesitated to burden the Court with this kind of detail -- and regrets having to do so -- but in light of plaintiff's counsel's repeated attempts to claim a lack of good faith by SNET in the discovery process, SNET believes it must present the accurate facts in order for the Court to get a true picture of what has occurred.

[4] Under Rule 30(b)(5) of the Federal Rules of Civil Procedure, SNET had 30 days, through October 24, 2002 to produce responsive documents.

The Honorable William I. Garfinkel
November 11, 2003
Page 5

**October 24, 2002.**  SNET served its Objection to Document Request, objecting to Document Request No. 2 as follows:

Request:    Daily time reports, "DCWS" reports/printouts for the mail [sic] technicians who worked with Denise Evarts under the supervision of Matthew Cordner from July, 1996 through May, 1997.

Objection:   This request is overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Exh. A.

**December 18, 2002.**  Without further follow-up by the plaintiff, and notwithstanding its objection to the breadth of the request, SNET wrote to plaintiff's counsel that, "I have a large box of **time sheets** responsive to your document request accompanying the subpoena of Ed Dillman.  Please let me know if you would like to review them at our office prior to Mr. Dillman's continued deposition.  In addition, please let me know when you want to continue Mr. Dillman's deposition if you still want to do so."  Exh. B (emphasis added).

**December 18, 2002.**  Plaintiff's counsel responded that the proposal to inspect "what you have described as a `large box of **time sheets**'at your office prior to Mr. Dillman's deposition [and copy any documents that counsel would like copies of] is completely unacceptable" and insisted that SNET copy all the documents for her so that she could review them at her office.[5] Plaintiff's counsel also indicated that she "expect[ed]" SNET to Bates stamp each page of the time sheet production prior to copying the documents for her.  Exh. C (emphasis added).

**January 10, 2003.**  SNET's counsel wrote, in response to follow-up correspondence by plaintiff's counsel that,

"In response to your January 9, 2003 letter, as I wrote to you on December 18, 2002, I have a large box of **time sheets** responsive to your document request. They have been sitting in my office for almost a month, and you have expressed no

_____

[5] Rule 34 of the Federal Rules of Civil Procedure describes a party's obligation "to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated document . . . ." Fed. R. Civ. Proc. 34 (emphasis added). SNET's plan to produce the time sheets for inspection and copying at its counsel's office was in compliance with Rule 34.

The Honorable William I. Garfinkel
November 11, 2003
Page 6

interest or willingness to come and review them. As you know, you asked for all time reports relating to `the male technicians who worked with Denise Evarts under the supervision of Matthew Cordner from July 18, 1996 through May 1997.' This is eleven months of **time sheets** for eight technicians, or up to 1,760 days of **time sheets**.

As I explained to you, I objected to the request because it was overbroad, and you have been unwilling to narrow the request in any respect. If you have a <u>reasonable basis</u> for believing that a particular technician had time sheet issues, you should so indicate and I will copy those **time sheets** for you. However, I have a box containing somewhat less than 1,760 documents. There is no reason why you cannot inspect the documents, mark those that you want to be copied, and we will do so free of charge up to 500 copies.

You have also been unable to articulate for me any reasons for wanting these **time sheets**. This case has been pending for six years and you have <u>never</u> before requested time sheets for other technicians. I believe that you are attempting to harass my client at this point and, although my client has gone to great lengths to obtain these documents to respond to your request, you are taking a completely unreasonable position in refusing to come here and inspect them. As to your question whether I am `still maintaining any partial objection,' your posing that question is not equivalent to a good faith conference concerning this discovery issue. Once again, you have never made a good faith offer to narrow the scope of these requests, which obviously are overbroad and meant only to cause additional expense and annoyance for my client."

Exh. D (emphasis added).

**January 16, 2003.** Plaintiff's counsel responded by calling SNET's counsel "dishonest" and "disingenuous" and stating, <u>inter alia,</u> that she was "not willing to come to your office and spend time thumbing through these documents, especially when there is no record of what has been produced." She further stated, "Finally, you evade my question with respect to your objection. Instead of simply answering it, you made, as usual, all kinds of irrelevant and nonsensical statements. I am sick and tired of this and I will file a motion to compel with the court." Exh. E.

**May 23, 2003.** The next communication from plaintiff's counsel on this issue was received shortly after May 23, 2003 and stated, "I would like to resolve this issue without filing another motion against you. Thus, I am making one last good faith effort at a compromise. If you will Bates-stamp the documents, I will accommodate your refusal to turn these documents over to me by appearing at your office with my client at a mutually agreeable time.

The Honorable William I. Garfinkel
November 11, 2003
Page 7

I will copy the documents myself so long as you provide me access to a copier appropriate for handling that volume of material. Given the previous problems with SNET's compliance with discovery requests in this case, I cannot agree that these documents should be exempt from the Bates-stamping process we have used. I do not want to get into a situation where the court has to be bothered with arguments from us over exactly what you produced to me. I need a record of what is produced and the ability, later in the proceedings, to prove exactly what you turned over to me." Exh. F.

**May 29, 2003**. SNET agreed to this proposal by letter, and offered to make a staff member available to copy the documents for Attorney Torre when she and her client would appear to inspect them. SNET also agreed to absorb the cost of the first 100 copies and invited the plaintiff to "please let me know when next week you would like to inspect the documents." Exh. G.

**June 4, 2003.** Plaintiff's counsel wrote asking for available dates to continue Ed Dillman's deposition and added, "please provide me with dates and times when I and my client can appear at your office to review the documents responsive to my latest request for production, which you have agreed to Bates-stamp." Exh. H.

**June 10, 2003.** The undersigned sent a follow-up letter to Attorney Torre, indicating that I would be out of town from June 26 - July 11, 2003 but invited her to schedule a date to inspect the documents. Exh. I.

**June 11-25, 2003.** Counsel for the parties were involved in a dispute over the deposition of a third-party witness, David Ianiello. The nature of the dispute is reflected in Exh. J.

**July 14, 2003.** Not having contacted SNET's counsel to arrange for inspection of the documents, plaintiff's counsel wrote, "Kindly advise me as to when later this week I may appear at your office to review and take back the documents you are holding for me." Exh. K.

**July 22, 2003.** SNET's counsel responded, "I do not understand your question about appearing at my office `to review and take back the document that you are holding for me.' I have told you that you may copy the time records that we have available in this office and you have agreed to do so. My prior correspondence on this issue is attached. If that is what you are referring to , you could do it on Friday afternoon, July 25th, Tuesday afternoon, July 29th, or Thursday morning, July 31st, and I will make the documents available to you.
        Please let me know if this is what you would like to do." Exh. L.

The Honorable William I. Garfinkel
November 11, 2003
Page 8

**July 24, 2003.** Plaintiff's counsel replied, "You continue to waste my time unnecessarily on the issue of the documents you continue to withhold from me. I want all of the documents. However, if you think that I am going to stand in your office for hours, wasting time, while a clerical employee of your firm photocopies the documents, you are mistaken.

I want all of the documents copied and prepared for delivery to me. I do not wish to bring another stupid dispute instigated by you into the District Court. Thus, I will not file a motion with respect to your silly and unprofessional request that I pay your firm for copying the documents. Therefore, when your staff finishes copying the documents, which you have agreed to Bates-stamp, fax a bill over to my office and I will cut you a check." Exh. M.

**August 1, 2003.** After some additional communications between counsel, in an attempt to resolve all disputes over time records, SNET capitulated and Bates stamped each of the 3,137 pages of time sheets and arranged for a messenger to hand-deliver them to Attorney Torre's office. Exh. N. Despite several requests for payment, as previously agreed to, plaintiff's counsel has failed and refused to reimburse SNET for the copies.

**August 14, 2003.** Attorney Torre wrote to the undersigned that she had looked at the time sheets and was "most annoyed" that they consisted of **time sheets** and not "DCWS reports." Exh. O.

As the above demonstrates, SNET has tried to resolve the discovery dispute that plaintiff's counsel is now pursuing with the Court, to the point of reaching an agreement with counsel that the documents would be inspected at the offices of Tyler Cooper & Alcorn and any particular time sheets plaintiff's counsel found relevant would be copied for her. It is plaintiff, not SNET, who has taken unreasonable positions with respect to the request, including refusing to narrow the request in any respect whatsoever. SNET regrets that the Court has to intervene in the dispute, but as the above chronology and supporting documentation illustrates, counsel for SNET has been more than cooperative in dealing with plaintiff's counsel in this matter.

Moreover, this is not unlike the other meritless disputes that plaintiff has raised with the Court throughout this litigation, all of which have resulted in needless pleadings and unnecessary time and expense for the defendant. By way of examples, plaintiff filed a Motion to Compel and for sanctions dated August 17, 2001 which was denied by the Court on September 14, 2001; plaintiff filed a second Motion to Compel and for sanctions dated August 27, 2001 which was also denied by the Court on September 14, 2001; plaintiff filed a Third Motion to Compel and for sanctions dated September 6, 2001 which was denied by the Court as moot; plaintiff filed a Fourth Motion to Compel and for sanctions dated September 13, 2001 which was denied by the Court on October 4, 2001; plaintiff filed a Motion for Order and Sanctions dated September 7, 2001 which was denied by the Court on November 6, 2001 (with the Court noting that plaintiff's counsel had "crossed the line between fair

The Honorable William I. Garfinkel
November 11, 2003
Page 9


advocacy and a meanness unworthy of one of the best members of the federal bar"); in January 2002 plaintiff's counsel insisted that the Court inspect in camera multiple technicians' complete personnel files claiming that SNET had failed to produced all documents responsive to a discovery request for disciplinary documents, which resulted in the Court's concluding in a January 22, 2002 memorandum that "SNET's counsel has fairly and accurately selected documents from the personnel files for disclosure"; and most recently, plaintiff filed a Motion for Substitution Party Defendant, a Rule 30(b)(6) deposition notice, and sweeping discovery requests, all of which plaintiff withdrew only after SNET filed a Motion for Protective Order and evidence establishing that plaintiff's assertions that SNET had "transferred its interest" to SBC Communications and that SNET "was acquired by SBC and is no longer in existence" were completely inaccurate representations to the Court. All of the above were needless disputes raised by the plaintiff, like the present one, with no merit whatsoever.

    For all of the above reasons, SNET respectfully requests that its objection to plaintiff's discovery request concerning time records be sustained by the Court.

    Sincerely,

    Lori B. Alexander

LBA:mjd
Enclosures

cc: Karen Torre, Esquire (via telecopier)

# EXHIBIT G

### The Honorable William I. Garfinkel
### United States Magistrate Judge
### United States District Court
### District of Connecticut

915 Lafayette Blvd.                    203-579-5593 Telepl
Bridgeport, CT 06604                   203-579-5946 Fax

### CONFIDENTIAL              CONFIDENTIAL

### FAX TRANSMITTAL COVER SHEET

DATE: 11/25/-3            FROM: Judge William I. Garfinkel

TO: Lori Alexander        fax: 203 - 789 - 2133
    Karen Torre                203 - 453 - 7771

FAX NUMBER: SEE ABOVE     PHONE NUMBER:

NUMBER OF PAGES (INCLUDING COVER PAGE):

COMMENTS:

electronic time records issue

### IF YOU HAVE QUESTIONS REGARDING THIS
### TRANSMITTAL, PLEASE CALL GLORIA URBANO AT 203-579-5593

# MEMO

**To:**      Attorneys Lori Alexander and Karen Torre


**From:**    William I. Garfinkel,
             U.S. Magistrate Judge

**Subject:** Evarts v. SNET, 3:00CV01124

**Date:**    November 25, 2003

      I reviewed the correspondence on the time records matter. Given plaintiff's theory and the evidence to date, the time records, including electronic records, of members of the plaintiff's team for the period at issue(when she was working under Cordner for less than a year) would be sufficiently relevant, albeit not critical, to warrant retrieving them and producing them. If they aren't available, so be it. If they are, I would like them made available for inspection within a reasonable time. Copying would be at plaintiff's cost. If someone needs a formal motion and ruling, I could do that.

# EXHIBIT H

THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

* * * * * * * * * * * * * * * * * * *

DENISE EVARTS,                      *
                                    *
     Plaintiff,                     *
                                    *
v.                                  *   CIV. ACTION NO. 3:00CV1124(WIG)
                                    *
                                    *
THE SOUTHERN NEW                    *
ENGLAND TELEPHONE                   *
COMPANY,                            *
                                    *
     Defendant.                     *   DECEMBER 26, 2003
* * * * * * * * * * * * * * * * * * *


## DEFENDANT'S RESPONSE TO DOCUMENT REQUEST

Pursuant to the Court's Memorandum Ruling dated November 25, 2003, the defendant, the

Southern New England Telephone Company, hereby responds to plaintiff's document request

accompanying the Notice of Deposition of Ed Dillman dated September 24, 2002 as follows:

2.   Daily time reports, "DCWS" reports/printouts for the mail [sic]
     technicians who worked with Denise Evarts under the supervision of
     Matthew Cordner from July, 1996 through May, 1997.


**Response:**   The defendant has already provided all technician time sheets for the
work group and period requested.  SNET does not have any other
information or documents responsive to this request.  The DCWS
reports were merely a working tool for supervisors that were purged
90 days after they were created.  In addition, there was no electronic
time reporting for the plaintiff's work group in 1996-97 and thus no
electronic time reporting records are available.

Dated at New Haven, Connecticut this 26th day of December, 2003.

THE DEFENDANT,
SOUTHERN NEW ENGLAND TELEPHONE, INC.

By _Lori B. Alexander_

Lori B. Alexander
Federal Bar No. CT08970
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut  06509
Tel. (203) 784-8200
Fax No. (203) 789-2133
E-Mail: alexander@tylercooper.com

2

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 26th day of December, 2003, as follows: Karen Torre, Esquire, Law Offices of Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, Connecticut 06510.

*Lori B. Alexander*
Lori B. Alexander
Federal Bar No. CT08970

3

# EXHIBIT I

*FILE COPY*

December 30, 2003

Karen L. Torre, Esquire                              ***VIA TELECOPIER***
Law Office of Karen Lee Torre                        ***NO. (203) 865-4844***
51 Elm Street, #307                                  ***and FIRST CLASS MAIL***
New Haven, Connecticut 06510

Re:    ***Denise Evarts v. The Southern New England Telephone Company***

Dear Attorney Torre:

        As further support for SNET's answer to your document request sent to you last Friday, December 26th, please find enclosed a letter from Thomas Taft of SNET explaining why the records you requested do not exist.

                        Sincerely,


                        Lori B. Alexander

LBA:mjd

Thomas E. Taft
SBC/SNET
545 Long Wharf Drive
New Haven, Ct 06510

Lori Alexander
Tyler Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510

December 22, 2003

Lori,

The information that you requested is not available in our archived records.

The DCWS Report is "working tool" that is produced daily for the supervisors in the outside dispatch centers to use as a summary of work for each technician in their group.  This data is used by the supervisors for the day in which it is created. This data is one part of the information stored in the electronic dispatch system (WFADO) dating back to 1996-1997. The DCWS information requested covering July 1996 thru May 1997 would have been purged during the October 1996 through August 1997 time frame. The electronic copy of this information is not retrievable. The information prior to 2001 is not accessable.

Since this particular work group was not using our mechanized time reporting system, their time sheets were not entered into our mechanized system. Therefore, the electronic copies of the technicians time reporting never existed. I believe that you have been provided the paper copies that were available. The paper records are saved for five years by the payroll preparation offices.

Thank you,

Thomas E. Taft
Area Manager - Network Engineering

# EXHIBIT J

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DENISE EVARTS                    :
                                 :
          Plaintiff              :
                                 :          Civil No. 3:00CV01124 (JCH)
V.                               :
                                 :
SOUTHERN NEW ENGLAND TELEPHONE   :
                                 :          DECEMBER 7, 2000
          Defendant              :

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION FROM THE DEFENDANT

The Defendant, The Southern New England Telephone Company ("SNET"), hereby requests that you answer the following Interrogatories in writing and under oath within thirty (30) days of the date of service herewith.

In answering these Interrogatories, furnish all information available to you, including information in your possession, custody or control or the possession, custody or control of any person acting on your behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any part of any of these interrogatories in full after exercising due diligence to secure the information requested, so state and answer the interrogatories as fully as possible, and state whether information or knowledge you have concerning the unanswered or partially

Document Request Number 24, including transcripts and written summaries.

**RESPONSE:**

N/A.

**DOCUMENT REQUEST NO. 26**

Please produce any and all documents that refer or relate to goods or services that you received from health care providers from August 1, 1993 to the present, including but not limited to goods and services received from physicians, psychologists, psychiatrists, social workers, therapists, hospitals and other professionals, professional organizations and charitable organizations.

**RESPONSE:**

The plaintiff is in the process of obtaining these documents. They will be forwarded upon receipt.

**DOCUMENT REQUEST NO. 27**

Please produce any and all documents not otherwise requested herein upon which you intend to rely in establishing the truth of any claim, allegation or fact set forth in the Complaint or the Amended Complaint.

**RESPONSE:**

None at this time.

24

THE PLAINTIFF
DENISE EVARTS


BY: _Michelle Holmes_
MICHELLE HOLMES
Federal Bar No. ct20014
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

Her Attorney


## CERTIFICATION

I hereby certify that a copy of the foregoing was hand-delivered this 7th day of December, 2000 to Stephen Pincus, Esq., Southern New England Telephone, 310 Orange Street, New Haven, CT 06510.


_Michelle Holmes_
Michelle Holmes


25

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENISE EVARTS | : | |
| | : | |
| Plaintiff | : | |
| | : | Civil No. 3:00CV01124 (JCH) |
| V. | : | |
| | : | |
| SOUTHERN NEW ENGLAND TELEPHONE | : | |
| | : | MAY 31, 2002 |
| Defendant | : | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S SUPPLEMENTAL INTERROGATORIES AND REQUESTS FOR PRODUCTION

The Defendant, The Southern New England Telephone Company ("SNET"), hereby requests that the Plaintiff answer the following Interrogatories and Requests for Production in writing and under oath within thiry (30) days of the date of service herewith.

## I. INSTRUCTIONS

In answering these Interrogatories and Requests for production, furnish all information available to you, including information in your possession, custody or control or the possession, custody or control of any person acting on your behalf, and not merely such information as is known of your own personal knowledge.   If you cannot answer any part of these Interrogatories and Requests for Production in full after exercising due diligence to secure the information requested, so state and answer them as fully as possible, and state whatever information or knowledge you have concerning the unanswered or partially answered items.

These Interrogatories and Requests for Production are to be considered as continuing up to

**RESPONSE:**

See Plaintiff's Response to Document Request Nos. 4 and 24 of defendant's First Set of Interrogatories.

**DOCUMENT REQUEST NO. 3**

Provide a copy of your most recent transcript from Quinnipiac Law School, or sufficient authorization for SNET to obtain such transcript.

**RESPONSE:**

See Plaintiff's Supplemental Response, dated October 30, 2001, to Defendant's Document Request No. 8 of Defendant's Second Set of Interrogatories and Requests for Production, including the authorization attached thereto.

**DOCUMENT REQUEST NO. 4**

Provide copies of each and every document or other form of evidence that you intend to, or may, introduce as evidence at the trial of this matter.

**RESPONSE:**

See Plaintiff's Response, dated December 7, 2000, to Defendant's Document Request No. 27 of Defendant's First Set of Interrogatories and Requests for Production. Other than what has already

been produced by the Plaintiff, and those documents produced by SNET, the Plaintiff is presently

unaware of any additional documents which may be offered at the trial of this action. If the existence

of any further documents which may be offered at trial comes to the Plaintiff's attention, the Plaintiff

will supplement this answer in accordance with the federal rules.

BY: _____
KAREN LEE TORRE
Federal Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

7

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail this 31st day of May, 2002 to Attorney Lori Alexander, Tyler, Cooper & Alcorn, LLP, 205 Church Street, P.O. Box 1936, New Haven, CT 06509.

Karen Lee Torre

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DENISE EVARTS                        :
                                     :
        Plaintiff                    :
                                     :        Civil No. 3:00CV01124 (JCH)
V.                                   :
                                     :
SOUTHERN NEW ENGLAND TELEPHONE       :
                                     :        DECEMBER 7, 2000
        Defendant                    :

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION FROM THE DEFENDANT

The Defendant, The Southern New England Telephone Company ("SNET"), hereby requests that you answer the following Interrogatories in writing and under oath within thirty (30) days of the date of service herewith.

In answering these Interrogatories, furnish all information available to you, including information in your possession, custody or control or the possession, custody or control of any person acting on your behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any part of any of these interrogatories in full after exercising due diligence to secure the information requested, so state and answer the interrogatories as fully as possible, and state whether information or knowledge you have concerning the unanswered or partially

Document Request Number 24, including transcripts and written summaries.

**RESPONSE:**

N/A.

**DOCUMENT REQUEST NO. 26**

Please produce any and all documents that refer or relate to goods or services that you received from health care providers from August 1, 1993 to the present, including but not limited to goods and services received from physicians, psychologists, psychiatrists, social workers, therapists, hospitals and other professionals, professional organizations and charitable organizations.

**RESPONSE:**

The plaintiff is in the process of obtaining these documents. They will be forwarded upon receipt.

**DOCUMENT REQUEST NO. 27**

Please produce any and all documents not otherwise requested herein upon which you intend to rely in establishing the truth of any claim, allegation or fact set forth in the Complaint or the Amended Complaint.

**RESPONSE:**

None at this time.

24

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing was mailed by first-class mail, postage prepaid to all counsel and *pro se* parties of record on this 30th day of May, 2007, as follows: Karen Torre, Esquire, Law Offices of Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, Connecticut 06510.

_____
Lori B. Alexander
Federal Bar No. CT08970